■ RALPH C. PAGE et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 39632.) — MEMORANDUM BY THE COURT. There is no basis for appellant's hypothesis that the "Court must * * * have accepted as part of the measure of damages, a separate allowance for the trees computed on the basis of the market price of each separate tree" in disregard of "established and recognized principles of valuation." To the contrary, the decision clearly indicates that it regarded the tree plantation existent upon the premises at the time of the taking only as a relevant factor enhancing the fair market value of the property as a whole when put to its highest and best use, found to have been that of residential subdivision and development. This conformed to the approved method of evaluating property so circumstanced. (*Comstock Foods* v. *State of New York*, 18 Misc 2d 519, 525, affd. 11 A D 2d 753.) At the trial of the claim the State, without objection, adduced expert testimony through a qualified forester that the presence of the trees was not an enhancing element. Claimants, also without objection, offered professional evidence to the contrary. The trial court properly could and obviously did give compelling weight to the augmentative views of their expert witness. Such is clearly the purport of its decision. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ DOROTHY CALDWELL, as Administratrix of the Estate of MICHAEL CALDWELL, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39394.) MARGARET COLE, as Administratrix of the Estate of FRANCIS COLE, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 40255.) — MEMORANDUM BY THE COURT. Claimants' contentions are based principally on the construction they would give to section 53 of the Highway Law; but we find no suggestion that the purpose of that provision was other than to preserve the State's right to eminent domain over Indian property and to make clear the State's retention of administrative control over Indian property and rights. It was not intended to increase the State's supervisory responsibility and consequent liability in negligence. Judgments affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur. [39 Misc 2d 898.]