■ ROBERT KOCH et al., Appellants, v MELTON REALTY CORPORATION, Respondent.—Judgment, Supreme Court, New York County, entered April 21, 1975, on a verdict for defendant, unanimously affirmed, without costs and without disbursements. The Trial Judge did not err in refusing to charge *res ipsa loquitur.* So far as appears from the record before us, the case was tried only on a specific negligence theory—a dangerous condition in defendant's control and of which defendant had constructive notice—and the issue of *res ipsa loquitur* was not tendered until after the Trial Judge

had completed his charge to the jury when plaintiff for the first time requested a *res ipsa loquitur* charge. Further there was a serious question whether the premises were in defendant's control. Finally *res ipsa loquitur* could make no difference in this case. The rule of *res ipsa loquitur*, where it applies, relieves a plaintiff from the necessity for specifying the particular negligence of defendant (out of the many possible causes) which led to the occurrence. *(Abbott v Page Airways*, 23 NY2d 502, 512.) But here there was no question as to what the specific negligence was, if there was any negligence. Plaintiff claimed a dangerous condition, a broken plate glass window which had been in that condition long enough for defendant to be charged with constructive notice. Either this was defendant's specific negligence, or defendant was not negligent at all. This is a case where the evidence "may, if credited, lead to a finding of specific negligence * * * In that case the doctrine [of *res ipsa loquitur]* is not needed." (2 Harper & James, Law of Torts, pp 1098–1099, quoted with approval in *Abbott v Page Airways, supra,* p 513.) Nor did the Trial Judge err in excluding the portion of the hospital record which under "history" referred to plaintiff's sustaining his injuries "when the window pane accidentally fell on his left hand." To begin with, there was no real dispute that that was how the accident happened; the only serious issue was that of constructive notice. Passing the question whether this part of the hospital record fell within the business records rule, cf. *Williams v Alexander* (309 NY 283), and whether it constituted evidence that that was what plaintiff told the hospital shortly after the accident, it remains that at best this record showed a prior consistent statement by plaintiff. But such statements are inadmissible on behalf of the declarer unless there has been an attack on his testimony as a "recent fabrication," as that rule is defined. (Richardson, Evidence [10th ed], § 519.) The attack here was not within that rule. Concur—Stevens, P. J., Markewich, Birns, Silverman and Nunez, JJ.