■ HARRY C. DIAMOND, Respondent, v STATE OF NEW YORK, Appellant. (Claim Nos. 57607, 57755.)—Appeal from a judgment in favor of claimant, entered February 28, 1975, upon a decision of the Court of Claims. On June 7, 1972, the claimant was driving north on Route 9 in the Town of Hyde Park, when a major portion of a large maple tree fell on the top of his car causing both personal injury and property damage. Separate claims were

filed for the property damage and personal injury and the claims were consolidated for trial. The Court of Claims found that the State had breached its duty of care in that it was on constructive notice of the dangerous condition of this tree and failed to have it corrected. Upon the appeal the State's only contention is that since the sole external and recognizable sign of the diseased nature of the tree was on the side not facing the highway, its inspection from the roadside was adequate and there was no actual or constructive notice of the faulty condition of the tree. In the recent case of *Rinaldi v State of New York* (49 AD2d 361) it was determined that when objective signs of a tree disease are discoverable from reasonable inspection procedures, a finding of constructive notice will be sustained by this court. In the present case an employee of the State highway department responsible for inspecting and removing trees on the right of way testified that if he had observed the objective signs of disease he would have recognized that something was wrong with the tree. He testified that he had inspected the faulty tree in *particular on foot* because it had an attachment to it supporting a telephone or power pole. Under the circumstances, when the employee made such a *particular* inspection of the tree rather than a mere observation from the highway, his failure to observe the objective signs of disease cannot be excused because he neglected to walk around the tree. The peculiar facts in this case establish an objective sign of disease readily discoverable from the reasonable inspection procedure used for this tree. Several months prior to the accident the Department of Transportation had been advised of falling limbs from the tree in question and a tree in the immediate locality had fallen. The negligence of the State is premised upon the failure, under the circumstances, to properly inspect the tree. In *Edgett v State of New York* (7 AD2d 570, 574) and *Rinaldi v State of New York (supra,* p 365) it was noted that each case of this kind is governed by its own peculiar facts. The findings of the court are not against the weight of the evidence as a matter of law. Judgment affirmed, with costs. Koreman, P. J., Greenblott, Main and Herlihy, JJ., concur; Reynolds, J., dissents and votes to reverse in the following memorandum. Reynolds, J. (dissenting). There is no disagreement that the State's duty in cases of this kind is solely reasonable care and that liability will not attach unless it had actual or constructive notice that a tree is in dangerous or potentially dangerous condition *(Rinaldi v State of New York,* 49 AD2d 361, 363). Nor is there any dispute that the State did not have actual knowledge of the dangerous condition here involved or that it could not have obtained such knowledge unless it examined the side of the tree away from the road. Here, the State observed the tree from only one direction, the side toward the road. While the majority would apparently not normally fault this procedure, nor could it as a practical matter, it is claimed because this tree was inspected on foot to examine an attachment supporting a telephone or power pole, the back side of the tree should also have been examined. The logic of this reasoning escapes me. It might well be that more could be expected to be perceived in the direct area of examination if an inspection is made on foot but I fail to see why it follows that an examination of a support mandates an examination of the entire tree unless we are to say that every time an on-foot inspection is made the entire tree must be examined. I am unwilling to so hold, particularly since it could result in the State directing its employees to never leave their cars unless they spot signs of dangerous conditions therefrom. Of course, it is not necessary for us to determine that the findings of the court were against the weight of the evidence as a matter of law. If we disagree with the court's

findings, it is our right and duty to make new findings of our own in this type of case. The State is not an insurer. The results in *Rinaldi v State of New York (supra)* and *Edgett v State of New York* (7 AD2d 570) are tenuous indeed, and there is loose language and unsound conclusions in each case, but they are distinguishable from this case, in that herein, we have no reasonable basis to find constructive notice. Accordingly, finding no notice to the State, I vote to reverse and dismiss the claim.