Gabrielli, J.
In the late afternoon of March 4, 1971, Walter Harris was driving his automobile along Locust Lane in the Village of East Hills. He had left his job in order to pick up some dinner for himself and his coworkers. It was a windy, rainy day, and as he proceeded along the road a large limb from a silver maple tree came crashing down on the top of his *448 car, caving in the roof which struck him on the head and neck. As a consequence, he was rendered a quadriplegic and will require medical care for the rest of his life.
Although Locust Lane was a county road, the maple tree was not on the county right of way but rather stood on village owned property between the road and the private property of Benjamin and Lillian Kassen. Its limbs extended across the width of the road and inspection subsequent to the accident revealed advanced disease and decay which had rotted out much of the center of the tree and the fallen limb.
The plaintiff commenced this action against the County of Nassau, the Town of North Hempstead, the Village of East Hills, and the Kassens, alleging negligence in failing to maintain, inspect and repair the tree, and in allowing a diseased and unhealthy tree to remain on a strip of land adjacent to a public roadway. After a trial on the issue of liability only, the jury returned a verdict against the village and otherwise in favor of all other defendants. The village appealed, claiming the evidence was insufficient to support the verdict, or in the alternative, that the county should also have been found liable, and also asserting that the trial court committed prejudicial error which warranted a new trial. The Appellate Division affirmed, with two Justices dissenting, and granted leave to appeal to this court on the following certified question: "Was the order of this court, dated December 31, 1975, properly made?” We affirm the order of the Appellate Division.
On this appeal, the appellant village asserts that it had no notice of any defective or decayed condition in the tree; that the county breached its duty to maintain its road in a reasonably safe condition; that the trial court committed reversible error when it failed to charge the subsequent repair doctrine at the end of the trial and that a new trial is warranted because the jury viewed a piece of rotten tree not properly before the court.
The village had a clear and nondelegable duty to maintain and inspect trees on village property which bordered county roads. The tree in question was under the jurisdiction of the village, being situated on village property, and the village had a statutory duty to maintain and care for trees, whether on county or village property, which adjoined county roads (Nas *449 sau County Administrative Code, § 12-4.2; Village Law, § 84).* Although the village had this duty, no liability attaches unless there is actual or constructive notice of the defective condition. There was no evidence that the village had actual notice and it contends that the evidence is insufficient to prove any constructive notice. However, a review of the record establishes that reasonable inspection would have revealed the dangerous condition of the tree. The evidence further revealed that the tree contained a cavity which was observable on ordinary inspection. The plaintiff’s experts testified, and this testimony was uncontradicted, that such a cavity would alert a normal inspector to make further tests, for example, such as tapping the tree to determine the extent of decay. If such tests had been made in this case, they would have revealed the almost total interior disintegration of the tree limb which fell on the plaintiff. Inspection would have further revealed that almost the entire heartwood, from which the tree obtains its strength, had rotted away and that the tree represented a serious risk to passersby. In addition the observable conditions of rot had existed, according to the experts, for at least four or five years prior to the accident. The village, however, admittedly failed to make any inspection whatsoever of this párticular tree. Indeed, the village clerk-treasurer testified that the village had no program of tree inspection and that it would examine trees only upon written request from a homeowner. The long-continuing condition of this tree and the absolute failure of. the village to make any inspection whatsoever supply sufficient facts for the jury to have found the village liable, and we may not disturb that finding.
As the village has a statutory duty to maintain and inspect the trees on village property which border county roads, the county has a collateral duty to maintain its roads in a reasonably safe condition, and this duty extends to trees which overhang the road (Edgett v State of New York, 7 AD2d 570; Doulin v State of New York, 251 App Div 767, affd 277 NY *450 558). While the county has this duty, no liability attaches, of course, unless there is actual or constructive notice to it of the dangerous condition (Rinaldi v State of New York, 49 AD2d 361; Berkshire Mut. Fire Ins. Co. v State of New York, 9 AD2d 555). In this respect, the basis for liability of the county parallels that of the village although the duties differ. Unlike the village, the county maintains regular supervision of their roads through scheduled police patrols. Richard Reinhardt, the Nassau County Police Officer assigned to Locust Lane, testified that he regularly patrolled the area and on such patrols, he observed no objective signs of decay on the tree. The evidence produced at trial indicated that the tree was not in such a patently defective condition as would or should have put a patrolman inspecting the roadway on notice of the potentially dangerous interior condition of the tree. The exterior sign of decay, a cavity in the trunk of the tree, was on the backside of the tree which faced away from the road. The county had no actual notice of the dangerous condition and on the evidence adduced in this case, the jury could have concluded, as they did, that there was no constructive notice to the county and thus no liability.
The appellant cites Diamond v State of New York (53 AD2d 958) for the proposition that the county breached its duty of inspection. In Diamond an employee of the State Highway Department responsible for inspecting trees on the State’s right of way personally inspected a faulty tree on foot. "Under the circumstances, when the employee made such a particular inspection of the tree rather than a mere observation from the highway, his failure to observe the objective signs of disease cannot be excused because he neglected to walk around the tree. The peculiar facts in this case establish an objective sign of disease readily discoverable from the reasonable inspection procedure used for this tree” (Diamond v State of New York, supra, p 959; emphasis added). Diamond is distinguishable because of the extra procedures employed by the inspector. If Patrolman Reinhardt had testified that he had gotten out of his car and inspected the tree then Diamond would be applicable. Under the facts in this case we cannot say that the procedure of inspecting the roadway from the patrol car was unreasonable as a matter of law. The jury found that the county had not breached its duty and that determination must stand.
*451 During the course of the trial, plaintiff introduced evidence that two months following the accident the village had the remaining parts of the tree cut down and removed. At the time this evidence was introduced the court instructed the jury that "any testimony relative to the post-accident actions by the defendant Village of East Hills relative to what the Village did following the accident was received on the issue of control of the tree in question and not as to whether or not said defendant Village was negligent at the' time of the occurrence.” At the close of the trial the village requested the court to reinstruct the jury on the subsequent repair doctrine and the court declined. We conclude that this is a matter within the discretion of the Trial Judge, the exercise of which we will not here disturb.
During the examination of County Patrolman Reinhardt, a piece of tree limb was exposed to the view of the jury while it was being marked for identification. The item was subsequently ruled inadmissible because there was no identifying mark which showed it was part of the same tree involved in the accident. The village moved for a mistrial on the ground that exposure of the limb to the jury was highly prejudicial. The motion was denied and the jury was instructed to disregard the limb. A motion for a mistrial is directed to the sound discretion of the trial court (Hoe & Co. v Crown Cork & Seal Co., 22 AD2d 861, affd 16 NY2d 574) and given the corrective instruction, we cannot conclude that there was abuse of such discretion.
The other contentions of the appellant raised in some 14 points and 33 subpoints have been duly considered by the court and found to be without merit.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, etc.

 Section 12-4.2 of the Nassau County Administrative Code provides in pertinent part: "a. Except in cities and in villages of the first and second class all trees, hedges and shrubbery between the property lines on county roads as defined in the title * * * shall be under the jurisdiction of the [county] department of public works.” East Hills is a first class village. Section 84 of the Village Law, in effect at the time of this occurrence, provided that "The street commissioner in villages of the first and second class, under the direction and supervision of the board of trustees has supervision and charge of the shade trees in the streets and highways of such villages, including state highways and county roads therein”.