OPINION OF THE COURT
Wachtler, J.
S. Zara Contracting Co., Inc. (Zara), by contract with the County of Nassau (County) undertook a sanitary sewer construction project. On September 3, 1971 at 9:00 a.m., while repairing a manhole in connection with the project, Manuel Lopes and Vito Martino, both employees of Zara, were struck by an automobile driven by Harold Rostad and owned by his mother Palma Rostad. As a result of the accident Lopes died and Martino suffered personal injuries.
The accident occurred in the northbound lane of Babylon Turnpike, a two-lane county highway in the Village of Free-port. Just prior to the accident Harold Rostad had been driving in the southbound lane at approximately 30 mph. At that time the weather was clear, the road was dry, and nothing obstructed Rostad’s vision, nor otherwise interfered with his driving. Except for a red flag attached to a tripod located about 50 feet south of the manhole in the northbound lane, no warning devices of any kind had been placed to alert on-coming traffic of the potential hazard of the construction zone.
*622 It was the responsibility of Joseph Duffe, a civil engineer employed by the County, to supervise a team of County engineers who inspected Zara’s work to assure that the project was progressing satisfactorily. There was no indication, however, that the County, through Duffe or otherwise, had taken any actions by which it assumed the responsibility of placing warning devices around the job site. To the contrary, the contract between the County and Zara stated that "[t]he Contractor shall provide to the satisfaction of the [County] Engineer and at his own expense, suitable barricades and warning signs for the protection of pedestrians and vehicular traffic” (Contract, art 6).
Two separate actions, jointly tried before a jury, were brought against the Rostads and the County of Nassau, one for the wrongful death of Lopes and the other in negligence for the personal injuries sustained by Martino. The County, by way of a third-party action, sought common-law indemnification (see Dole v Dow Chem. Co., 30 NY2d 143) from Zara in both actions. Finding for the plaintiffs in each case the jury apportioned the damages 70% against the Rostads and 30% against the County. By stipulation of the parties, the court considered the County’s indemnification claim and awarded judgment over against Zara on the theory of common-law indemnification for the entire contribution of the County to the plaintiffs’ recoveries. The Appellate Division affirmed unanimously and we granted leave to appeal.
The plaintiffs’ theory of liability against the County is that sections 102 and 139 of the Highway Law[1] impose a nondelegable duty on the County to supervise construction work on County roads, and for liability for injuries sustained as a result of dangerous road conditions. The primary issue is whether the nondelegable duty of the County to maintain its roads in a safe condition, which concededly applies to the traveling public, extends to employees of an independent contractor who suffer injuries caused in part by the contractor’s negligence while working on a County road construction project. We hold that the County’s nondelegable duty does not apply in such a case.
*623 It has long been established that a governmental body, be it the State, a county or a municipality, is under a nondelegable duty to maintain its roads and highways in a reasonably safe condition, and that liability will flow for injuries resulting from a breach of the duty (Neddo v State of New York, 194 Misc 379, affd 275 App Div 492, affd 300 NY 533). Because the duty is nondelegable, even if the dangerous condition of the road, which caused the injury, is created by an independent contractor, the obligation imposed on the governmental body nevertheless remains fixed (Pettengill v City of Yonkers, 116 NY 558).
The source of this duty is not only the common law, but also statute. Section 102 of the Highway Law provides: "The County superintendent * * * shall * * * 1. Have general charge and supervision of the work of constructing, improving, repairing and maintaining all county roads”. The consequent liability of a county for breaching this duty is also prescribed by statute: "When, by law, a county has charge of the repair or maintenance of a road * * * the county shall be liable for injuries to person or property sustained in consequence of such road * * * being defective, out of repair [or] unsafe * * * because of the negligence of the county, its officers, agents or servants” (Highway Law, § 139).
Although the County concedes, as indeed it must, that it is subject to this statutory nondelegable duty, it argues that the legislative policy behind the statutes was to protect the traveling public exclusively. Since the injured parties in this case were employees of an independent contractor, and were injured through the contractor’s negligence while working at the job site, the County urges that they were not part of the traveling public. Hence the County claims it owed them no duty to maintain the road in a safe condition.
To determine the proper scope and breadth to be accorded these statutes and the duty they impose, we must be guided primarily by the intent of the Legislature. "In many cases the evident policy of the legislature is to protect only a limited class of individuals. If so, the plaintiff must bring himself within the class in order to maintain an action based on the statute” (Prosser, Torts [4th ed], § 36, p 194; Chotapeg, Inc. v Bullowa, 291 NY 70, 74; Dean v Baumann, 39 AD2d 138, affd 32 NY2d 756). Only if the person seeking redress comes within the protective orbit of the statute, will his claim based upon a breach of a statutory duty be upheld (Van *624 Gaasbeck v Webatuck Cent. School Dist., 21 NY2d 239, 244-245; Beauchamp v New York City Housing Auth., 12 NY2d 400, 401; Di Caprio v New York Cent. R. R. Co., 231 NY 94).
Application of this principle to sections 102 and 139 of the Highway Law compels the conclusion that the duty which they create was intended by the Legislature, and has been interpreted by the courts of this State, to extend to the traveling public, pedestrians, motorists and the like, but not to employees of an independent contractor working on a construction project.
Since the inception of this nondelegable duty the courts have consistently indicated that it is intended to protect the traveling public. In Storrs v City of Utica (17 NY 104, 108) we said: "The principles suggested become plain propositions in the case of a municipal corporation which owes to the public the duty of keeping its streets in a safe condition for travel.” Using nearly identical language in a more recent case we again stated that "[t]he city owed to the public the absolute duty of keeping its streets in a reasonably safe condition for travel” (Annino v City of Utica, 276 NY 192, 196; Weiss v Fote, 7 NY2d 579, 584; Restatement, Torts 2d, § 418).
The reason that the principal object of the duty is the traveling public is apparent. One responsibility of government is to provide the public with roads and highways for travel. With this responsibility comes the further obligation to assure, insofar as is reasonably possible, that the thoroughfares of travel will be constructed and maintained in a safe condition. A governmental body would hardly have fulfilled its responsibility if the roadways it provided for public use were a source of public danger. It is for this reason that "[governments have ever been most zealous to afford special protection to the users of streets, highways and other means of transportation” (1936 Report of NY, Law Rev Comm, p 955).
But the duty, although stringent with respect to the traveling public, should not be rashly extended to protect those for whose sake the duty was not conceived. While engaged in the tasks assigned them, the employees of an independent contractor which has undertaken a road construction project may be exposed to risks. Being in control of the daily operation of the project, the employer, not the governmental body with which it is under contract, is in the best position to maintain safe working conditions and to remedy whatever dangers may exist. Indeed the employer-employee relationship places a duty *625 on the independent contractor to see to the safety of its workers. If the contractor is remiss in this duty and by its acts or omissions subjects its workmen to danger, it is the contractor which must face liability (cf. Caldwell v State of New York, 39 Misc 2d 898, affd 22 AD2d 834).
So it is with the case now before us. Although the County would not be insulated from liability if the independent contractor’s negligence had caused injury to a traveler (Pettengill v City of Yonkers, 116 NY 558, supra), a different rule must apply here. The independent contractor was in control of the work site, and the jury found the contractor negligent in failing to position adequate warning devices. This negligence was a proximate cause of the automobile accident. The contractor’s failure to protect its own workers cannot throw the County into liability, particularly where, as here, the contractor had assumed the responsibility to place warning devices (Contract, art 6).
Because we hold that the County did not owe a nondelegable duty to the injured parties in this case to maintain the road in a safe condition,[2] we need not reach the further issue of whether the contractual indemnification clause superseded the County’s right to seek common-law indemnification from Zara.
Accordingly the order of the Appellate Division should be reversed and the complaints dismissed against the County of Nassau. The third-party claims of the County against Zara should be dismissed as moot.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order reversed, with costs to defendant County of Nassau only against plaintiffs, and the complaints against defendant County of Nassau and the third-party complaints against S. Zara & Sons Contracting Co., Inc., dismissed.

. Having charged the jury on the nondelegable duty of the County to maintain its roads in a reasonably safe condition under the common law and section 102 of the Highway Law, the court refused to charge the jury on section 139. Such a charge, as the trial court noted, would have been redundant since section 139 imposes no duty on the County beyond that of which the jury had already been instructed.

. In this case we are not presented with, nor do we resolve, the issue of the County of Nassau’s liability under section 241 of the Labor Law.