Daniel Himbele et al., Respondents, v State of New York, Appellant.

Third Department, June 14, 1979

#### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Bernard F. Carlin of Burke, Curry, Hammill & O'Brien of counsel), for appellant.*

*Corcoran & Brady, P. C. (William J. Corcoran of counsel), for respondents.*

#### OPINION OF THE COURT

Greenblott, J.

At approximately 3:00 P.M. on May 13, 1976, claimant Daniel Himbele, a surveyor employed by Peter Scalamandre and Sons, Inc. (subcontractor), was checking grades on the Brooklyn-Queens Expressway pursuant to a safety improvement contract entered into between the State and Lizza Industries, Inc. (general contractor), which, in part, called for the closing of certain exit ramps.

At the site of the accident, the expressway contained three westbound lanes, separated from an adjacent service road by a three- to four-foot median. According to claimant's testimony, the median had been replaced by a timber barrier which was abutted by approximately a half dozen traffic cones placed on the extreme right-hand side of the westbound lanes. The general contract provided for the closing of the entire extreme right-hand lane in the area immediately adjacent to the place where claimant was working. However, since the traffic cones were placed next to the timber barriers, traffic was permitted in the extreme right-hand lane. While claimant was performing his work, he was injured when struck by a traffic safety cone propelled by a passing truck. The Court of Claims concluded that the failure to close the lane pursuant to the contract plans constituted negligence on the part of the State.

The issue presented by this appeal is whether the State's nondelegable duty to maintain its highways in a safe condition (see *Neddo v State of New York,* 194 Misc 379, affd 275 App Div 492, affd 300 NY 533) extends to an employee of a subcontractor who suffers injuries caused *in part* by the general contractor's negligence. In *Lopes v Rostad* (45 NY2d 617), decided by the Court of Appeals after the decision herein, where a contractor and not the county assumed the responsibility of placing warning devices around a road construction project, the Court of Appeals held that the nondelegable duty of a county to safely maintain its roads did not extend to the contractor's employees injured while working on the construction site. In the case at bar, similarly, the general contractor was responsible under its contract with the State for properly closing the lanes and placing warning devices on the expressway. Thus, under *Lopes (supra),* the State owed no duty to claimant to maintain the expressway in a safe condition, and the general contractor's failure to install warning devices called for under the contract cannot cast the State in liability.

The judgment should be reversed, on the law, and the claim dismissed, without costs.

MAHONEY, P. J., MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgment reversed, on the law, and claim dismissed, without costs.