■ ALBERT YOUNG et al., Respondents, v NEW YORK THRUWAY AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, etc., based upon a claim arising in Westchester County, defendant New York Thruway Authority appeals from a judgment of the Court of Claims, dated July 30, 1979, which was in favor of the plaintiffs, after a nonjury trial. Judgment reversed, on the law, without costs or disbursements, and claim dismissed. On October 21, 1976 plaintiff Albert Young (plaintiff) was a passenger in an automobile returning to New York from Connecticut along the New York State Thruway. Just before reaching the

Mamaroneck exit, the driver pulled the car onto the shoulder of the road at the request of plaintiff, who was feeling ill. It was 6:30 P.M. and the darkness was "pitch-black". Plaintiff left the car and walked in a perpendicular line away from the road for some 20 feet. At that point he fell into an uncovered manhole and fractured his left foot. The manhole is in a sewer line owned and maintained by the Town of Harrison, whose superintendent of highways testified that the manhole had not been inspected for 10 years. The manhole is located on defendant's right of way. Under well-settled law, the defendant has no duty to maintain its entire right of way in a condition safe for travel by either motorists or pedestrians (*Kinne v State of New York,* 8 AD2d 903, affd 8 NY2d 1068; accord *Ellis v State of New York,* 16 AD2d 727, affd 12 NY2d 770; *Tomassi v Town of Union,* 46 NY2d 91). The foreseeability of plaintiff's presence so far off the highway is too remote; no liability attaches here given the nature of the risk and the burdens that would be imposed on defendant to guard against it (cf. *Quinlan v Cecchini,* 41 NY2d 686, 689). Titone, J. P., Mangano, Rabin and Gulotta, JJ., concur.