■ KEVIN A. REYNOLDS et al., Appellants, v TOWN OF SHERBURNE, Respondent. (And One Other Action.) — Appeal (1) from an order of the Supreme Court at Special Term, entered November 8, 1979 in Chenango County, which granted summary judgment in favor of defendants and dismissed the defendant's third-party complaint, and (2) from the judgment entered thereon. As a result of a heavy snowstorm in March of 1977, two trees located in a stand of trees along the south side of Pleasant Valley Road (an east-west, two-lane blacktop road approximately 18 feet wide) had fallen and partially blocked that road. The Town of Sherburne Superintendent of Highways, Raymond P. Lawrence, came upon the trees as he plowed the road on the evening of the storm. One tree was later involved in the accident giving rise to the instant action by the infant plaintiff, Kevin A. Reynolds, and reference is herein made to that tree except where otherwise specified. There was testimony that the town snowplow was able to pass around the tree in the road without going off the road on that occasion. However, there was also some evidence that the plow may have touched or moved the tree as it lay in the road, although the superintendent and his helper claim the tree was not at any time moved. Thereafter, as time went by, the tree was trimmed back to the edge of the right of way of the road by town employees. How much of the tree, if any, extended into the right of way was in dispute. Concededly, the Town of Sherburne maintained the paved road and the right of way on either side of the road. The roots of the tree were on private property, on the far side of a small creek that ran roughly parallel to the road. The owner of the private land was unknown. Sometime after April 15, 1977 and before Kevin's accident on May 6, 1977, Burt Goodrich, the son of Lynn Goodrich, explained to Mr. Lawrence that his father wanted to use the lumber from the two fallen trees for a pole barn if the town had no other plans for their disposal. Burt Goodrich is said to have asked if he could have the trees. Mr. Lawrence is alleged to have replied that he could "have them" or "go ahead" or that the town "wasn't doing anything more with the trees because they were off [the] right-of-way." On the morning of May 6, 1977, Lynn Goodrich requested the infant plaintiff, who had worked part time for him doing farm chores for about three years, to cut the trees in "whole lengths" and near their stumps so they could be used for lumber. Kevin had not cut down trees for Mr. Goodrich before, although he had cut firewood and owned his own chain saw. After school on May 6, Kevin proceeded to cut the trees. He finished one tree and was cutting the second tree as it lay suspended over the creek, from underneath, near its stump, when the tree

suddenly snapped and the stump or roots fell on a portion of his body. As a result, Kevin, at age 17, became permanently paralyzed from the waist down. The instant negligence action was commenced against the Town of Sherburne by the infant plaintiff and his father seeking money damages on behalf of the infant in the sum of $2,000,000 and in the sum of $500,000 for the father's derivative cause of action. The town, by third-party summons and complaint, alleged that negligence and violation of the Labor Law by Lynn Goodrich and his wife, Bessie Goodrich, rendered them liable for contribution or indemnification. The town moved for summary judgment dismissing the complaint and Special Term granted the motion dismissing the complaint in the main action on the merits. It also dismissed the third-party complaint against Lynn and Bessie Goodrich. This appeal ensued. Plaintiffs in essence rely upon two theories of recovery: (1) that of agency and (2) that of direct negligence. Plaintiffs first argue that an implied agency or an agency by estoppel was created and that Lynn Goodrich, as agent for the town, hired Kevin to cut the tree and that the town, as principal, was his actual employer. It is further argued that the town breached its duty of care, as employer, to provide proper instruction, equipment or supervision to its employee with respect to the disposal of the tree. Plaintiffs also contend that the town was negligent in its plowing and tree trimming activity by moving the tree and causing its root structure to be loosened leaving the tree in a hazardous condition against which there was a duty to warn or protect foreseeable persons. Plaintiffs' contentions are rejected. The order of Special Term and the judgment entered thereon should be affirmed. As a matter of law, no express or implied agency or any agency by estoppel was created on these facts. Nothing was said or done by the town superintendent of highways on behalf of the town that could be construed to mean that Lynn Goodrich was requested to or consented to carry out the duties of the town with respect to the trees. The infant plaintiff was working for Lynn Goodrich at the time of his injury and knew of the personal use to which Mr. Goodrich intended to put the trees. In the absence of any agency relationship, the town cannot be viewed as Kevin's employer and owed him no duty of care as would arise out of an employment relationship. While the town certainly has a statutory and common-law duty to maintain its highways, this protection extends to the traveling public, pedestrians, motorists and the like, but it has not been "rashly extended to protect those for whose sake the duty was not conceived" (Lopes v Rostad, 45 NY2d 617, 623-624). The infant plaintiff herein was not a foreseeable person to whom the town owed a duty of care in these circumstances (see Young v New York Thruway Auth., 76 AD2d 834). The plaintiffs argue further that the conversation between the town superintendent of highways and Burt Goodrich made the likelihood of further cutting of the tree foreseeable, and gave rise to a duty to warn foreseeable persons of risks that the town might have created by moving the tree and possibly loosening its root system. However, breach by the town of a duty owed to Mr. Goodrich was not the cause of the infant plaintiff's injuries in this case (cf. Rivera v City of New York, 11 NY2d 856). Rather, the injury was caused by unforeseeable supervening acts of Lynn Goodrich in employing a 17-year-old boy without ascertaining his tree cutting skills, in instructing him to cut the tree in "whole lengths" and near its roots and in failing to instruct Kevin in how to do the job safely or to provide safe equipment for performing the task which was obviously risky. The town's acts must be viewed as furnishing merely the occasion for the occurrence of the event rather than being a proximate cause of the accident. The town should not be cast in liability for a harm it did not produce (cf.

*Dunn v State of New York,* 29 NY2d 313, 318). Order and judgment affirmed, without costs. Sweeney, J.P., Kane, Main, Mikoll and Herlihy, JJ., concur.