◾ In the Matter of DARLENE KNUTSEN, Petitioner, v STANLEY M. BOLAS, as Commissioner of the Department of Central Police Services, et al., Respondents. — Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: In this CPLR article 78 proceeding transferred to us pursuant to CPLR 7804 (subd [g]), we conclude that respondents' decision dismissing petitioner from the Central Police Services Law Enforcement Training Academy is supported by substantial evidence. This evidence is of sufficient quality and quantity to support respondents' decision (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Mintz, J.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.

◾ COLEEN G. LASKI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63307.) — Judgment unanimously affirmed, without costs. Memorandum: Claimant was injured on July 8, 1979 when the "S" hook which attached the seat to the chain of a swing in Letchworth State Park disengaged from the chain while she was swinging. An inspection by the State on May 30, 1979 and by claimant before her use revealed no apparent defect in the swing. After a trial the Court of Claims determined that the State was not negligent and dismissed the claim. Claimant's argument that the Court of Claims erred in refusing to apply the doctrine of *res ipsa loquitur* and to infer negligence by the State is unavailing. We hold that the result would not be different if *res ipsa loquitur,* applied. "The rule of *res ipsa loquitur,* where it applies, relieves a plaintiff from the necessity for specifying the particular negligence of defendant (out of the many possible causes) which led to the occurrence." (*Koch v Melton Realty Corp.,* 52 AD2d 773, 774; see, also, *Abbott v Page Airways,* 23 NY2d 502, 512-513). Here, the State may not be liable unless it had actual or constructive notice of the dangerous or defective condition of the swing (see *Brooks v New York State Thruway Auth.,* 73 AD2d 767, 768, affd 51 NY2d 892; cf. *Harris v Village of East Hills,* 41 NY2d 446, 450; see, generally, 4B Warren's Negligence, Parks and Playgrounds, §§ 1.02, 2.01). The Court of Claims found that the State had no such notice and this finding is reasonable and fully supported by the evidence. (Appeal from judgment of Court of Claims, Moriarty, J. — negligence.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.