■ JUDITH HOLLAND et al., Respondents, v COUNTY OF MONROE, Appellant.—Order affirmed, without costs. Memorandum: Plaintiff Judith Holland sustained injuries when struck by a branch which fell from a tree on property owned by defendant county. The county has a duty to maintain trees on its property and to establish reasonable inspection procedures to detect dangerous conditions *(see, Harris v Village of E. Hills,* 41 NY2d 446, 448; *Diamond v State of New York,* 53 AD2d 958, *appeal dismissed* 40 NY2d 969). Questions of fact being

present as to the existence of a reasonable inspection procedure and defendant's actual or constructive notice of this dangerous condition, summary judgment was properly denied.

All concur, except Doerr and Boomer, JJ., who dissent and vote to reverse and grant the motion in the following memorandum.

Doerr and Boomer, JJ. (dissenting). We disagree. Plaintiff sustained injuries on defendant's property when a branch from a 50-foot red oak tree fell some 35 feet, scraping her leg. On this motion for summary judgment, defendant submitted affidavits establishing that defendant regularly inspected trees and trimmed them up to the height reachable from a six-foot stepladder. Defendant also submitted an affidavit from an expert who stated that he examined the tree in question sometime after the accident and found no evidence of rot, either at the base of the tree or the crown. There were no signs of decay in the core samples and no visible evidence of disease or damage to the tree. In opposition to the motion for summary judgment, plaintiff relies on an EBT of defendant admitting that no physical inspection of trees is made above a six-foot level, other than a visual inspection from the ground. Although the County of Monroe has a duty to maintain and inspect trees on its property (*Harris v Village of E. Hills,* 41 NY2d 446, 448; *Rinaldi v State of New York,* 49 AD2d 361, 363), "no liability attaches unless there is actual or constructive notice of the defective condition" (*Harris v Village of E. Hills, supra,* p 449; *Laski v State of New York,* 96 AD2d 723). In opposing the motion for summary judgment, plaintiffs have failed to set forth any facts sufficient to create a question of fact as to defendant's constructive notice. Plaintiff's sole basis for asserting liability is defendant's admission that no one climbed up trees beyond a six-foot level. However, even assuming defendant could have such an onerous duty, plaintiff failed to offer any proof that, had defendant physically examined the limb above the six-foot level, any evidence of rot or disease would have been found. In short, no facts were offered which would have alerted defendant to a dangerous condition so as to establish actual or constructive notice (*cf. Harris v Village of E. Hills, supra; see also, Ivancic v Olmstead,* 66 NY2d 349; *rearg denied* 66 NY2d 1036, *cert denied,* — US —, 106 S Ct 1975).

On a motion for summary judgment, "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial

of the action" *(Zuckerman v City of New York,* 49 NY2d 557, 560; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). This plaintiffs have failed to do. (Appeal from order of Supreme Court, Monroe County, Mastrella, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.