Informal Opinion No. 2011-5 Bernetta A. Bourcy County Attorney Yates County 415 Liberty Street Suite 204 Penn Yan, New York 14527
Dear Ms. Bourcy:
You have requested an opinion relating to whether the County has a duty to prevent damage to a homeowner's property under specified circumstances. You have explained that trees stand in the County's highway right of way, between the highway and the homeowner's residence. Over the years, a utility company has trimmed the branches from one side of the trees to keep them away from the utility lines. As a result, the trees lean towards the homeowner's residence. You also have indicated that the County is aware of some evidence of decay on the trees. You have asked whether the County has a duty to prevent potential harm to the residence and its inhabitants, either pursuant to Highway Law sections 102 and 139 or as an adjoining landowner. We will address only the question of whether the County owes a duty to a neighboring homeowner with respect to trees located on the County's highway right of way. We will not address the question of apportioning liability for damage caused by the trees to the homeowner's property among the homeowner, the utility company, and the County, as that question turns on the particular facts.
You raised the possibility of a duty created by sections 102 and 139 of the Highway Law, pursuant to which the County has charge and supervision of the work of constructing, improving, repairing, and maintaining county roads and is liable for injuries or death sustained as a consequence of the highway being defective or dangerous due to the County's negligence. See Highway Law § 102(1); id. § 139(1). The County has a non-delegable duty to maintain its roads in a reasonably safe condition. Lopes v.Rostad, 45 N.Y.2d 617, 623 (1978). This duty originates from both common law and the statutory provisions you cited. Lopes,45 N.Y.2d at 623. As a result of this duty, the County may be liable to a user of its highway who is injured by a falling tree or branch, if the County had actual or constructive notice that the tree was dangerous.[1] See Harris v. Village of East Hills,41 N.Y.2d 446, 449 (1977) ("[T]he county has a *Page 2 
collateral duty to maintain its roads in a reasonably safe condition, and this duty extends to trees which overhang the road" (citations omitted)). This duty of care has been held, however, to extend only to the traveling public rather than, for example, an independent contractor injured while working on the highway on a sewer construction project. Lopes, 45 N.Y.2d at 624-25. We do not believe that the neighboring homeowner comes within the class of persons the Legislature intended to protect with sections 102(1) and 139(1).See Lopes, 45 N.Y.2d at 623-24 (independent contractor not "within the protective orbit of the statute"); Reynolds v. Town ofSherburne, 80 A.D.2d 652 (3d Dep't 1981) (person permitted to remove fallen trees at his request not within scope of statute).
Apart from the statute, any responsibility the County may have with respect to the trees depends in part on the nature of the County's interest in the right of way: whether it owns the fee simple to the roadbed or whether it simply has an easement for highway purposes.See generally 1975 Op. Att'y Gen. (Inf.) 202 (county board of supervisors may acquire either fee title or easement for purpose of constructing and improving county highway). Title to the trees depends on title to the land. Where the County has only an easement in the highway, it does not have title to the trees in the right of way.Village of Cattaraugus v. Johnson,139 Misc. 368, 371-72 (Co. Ct. Cattaraugus Co.), aff'd,233 A.D. 799 (4th Dep't 1931). The County's authority to remove trees under these circumstances are limited to those instances where removal is necessary for proper highway purposes.Id. at 372. In the absence of proper highway purposes, the County has no right to remove a tree and can be held liable to the owner of the tree for the loss of a tree it removes. Stevens v. State,21 Misc. 2d 79, 82 (Ct. Cl. 1959), aff'd without opn.,14 A.D.2d 823 (4th Dep't 1961); see alsoVillage of Cattaraugus v. Johnson,139 Misc. 368 (Co. Ct. Cattaraugus Co.), aff'd,233 A.D. 799 (4th Dep't 1931); Op. Att'y Gen. (Inf.) No. 88-1 (town's right to remove material from within bounds of highway depends on nature of town's ownership of right of way). If the County can be held liable for the loss of a tree it does not own and does not need to remove for highway purposes, it cannot have a duty to protect the owner of the tree or his or her property from damage caused by that tree. See Perkins v. Village of Mexico,200 Misc. 294, 299 (Sup. Ct. Oswego Co. 1950) (village was not liable for damage caused by branch falling onto plaintiff's house from tree owned by plaintiff within highway right of way).
If, however, the County owns the real property and consequently also the trees, it has a duty arising from that ownership to maintain the trees and to establish reasonable inspection procedures to detect dangerous conditions. Holland v. County of Monroe,126 A.D.2d 975 (4th Dep't 1987). The County's responsibility under these circumstances would be the same as those of a private property owner, who has a duty to protect adjoining property owners from trees on his or her property that he or she has actual or constructive notice as to the dangerousness of. SeeIvancic v. Olmstead, 66 N.Y.2d 349, 350-51 (1985),citing Harris v. Village of East Hills, 41 N.Y.2d 446, *Page 3 
449 (1977); Newman v. City of Glens Falls,256 A.D.2d 1012, 1013 (3d Dep't 1998).
To be sure, while the primary responsibility for the trees belongs to the owner of the land on which they stand, the county superintendent of highways has a role in overseeing maintenance of the trees within the County's highway right of way. Highway Law § 102(14) places "the full control of all shade trees within the county roads on the county road system," other than those within villages, with the county superintendent of highways. Additionally, Highway Law § 322 prohibits the cutting down or removal or destruction of a growing tree within the bounds of a county road without the written consent of the county highway superintendent. This requirement does not, however, make the county superintendent primarily responsible for the trees. Rather, it ensures that the owner of the underlying fee does not use his or her property in any way inconsistent with the public's right of way. Indeed, Highway Law § 322 also recognizes the landowner's interest in his or her tree. See Highway Law § 322 ("Any tree standing or lying on land within the bounds of any highway shall be for the proper use of the owner or occupant of such land."). By requiring the consent of the highway superintendent before removing a growing tree, the homeowner receives confirmation from the County that removal of the tree is consistent with the County's highway right of way. Therefore, it is the landowner who is responsible for pruning or removing trees he or she owns that are within the highway right of way, but before cutting down, removing, or destroying a growing tree, he or she must receive the written agreement of the highway superintendent. The County should not unreasonably withhold such consent.
In summary, we conclude that the County is responsible for protecting users of the county highway from trees and tree limbs adjacent to county highways that present a danger to such users of the highway, whether the trees or limbs are within the highway right of way or located on land to which the County holds title. As for protecting a neighboring homeowner from the potential danger presented by a leaning tree located in the highway right of way, the County is responsible if and only if the County holds title to the land and thereby to the tree.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General in Charge of Opinions
[1] Though in other instances whether the title to the fee of the street, and consequently to the trees located thereon, is held by the municipality or by the abutting owner affects the duty that the County may have, see discussion infra, such a distinction is irrelevant with respect to the County's duty to the users of the highway. See, e.g., Brown v. State,2 Misc. 2d 307, 308 (Ct. Cl. 1945), aff'd without opn.271 A.D. 811 (4th Dep't 1946) (State liable for damage caused by tree that fell onto highway even though tree trunks were located outside the highway right of way); Fitzgerald v. State,198 Misc. 39, 41-42 (Ct. Cl. 1950) (government's duty to make a reasonable inspection of trees along highways and to trim or remove such trees or portions thereof as constitute a danger to users of the highway applies whether the tree is within or without the highway bounds);Messinger v. State, 183 Misc. 811 (Ct. Cl. 1944); seealso Black v. State, 170 Misc. 2d 723 (Ct. Cl. 1996) (State liable for damage caused by falling branch from tree partially located on highway right of way and partially on property of neighboring landowner when State had actual notice of dangerousness of tree). *Page 1