Sugamele v Town of Hempstead (2019 NY Slip Op 01118)





Sugamele v Town of Hempstead


2019 NY Slip Op 01118


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-01081
 (Index Nos. 21940/10, 13980/11, 11617/12)

[*1]Deborah Sugamele, etc., appellant,
v
Town of Hempstead, respondent, (Action No. 1)
James Feynman, etc., et al., appellants,Town of Hempstead, respondent. (Action No. 2)
Barbara Ericson, etc., appellant,
v
Town of Hempstead, respondent. (Action No. 3)


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (D. Allen Zachary of counsel), for appellant in Action No. 1.
Glynn Mercep and Purcell, LLP, Stony Brook, NY (Scott B. MacLagan of counsel), for appellants in Action No. 2.
Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Brian J. Shoot and Gabriel A. Arce-Yee of counsel), for appellants in Action No. 3.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Randy S. Nissan and Peter Sullivan of counsel), for respondent.
In three related actions to recover damages for personal injuries and wrongful death, etc., the plaintiffs separately appeal from a judgment of the Supreme Court, Nassau County (George R. Peck, J.), entered December 17, 2015. The judgment, upon an order of the same court entered



DECISION & ORDER
November 18, 2015, granting the defendant's motion for summary judgment dismissing the complaints, is in favor of the defendant and against the plaintiffs dismissing the complaints.
ORDERED that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the defendant's motion for summary judgment dismissing the complaints is denied, the order entered November 18, 2015, is modified accordingly, and the complaints are reinstated.
In October 2009, a speedboat occupied by seven people allided with Goose Island, a marshy body of land located off the coast of Long Island, resulting in the deaths of four of those [*2]passengers and injuries to the others. In three separate actions, the plaintiffs alleged that the defendant, Town of Hempstead, was negligent in its installation and placement of buoys marking a channel around Goose Island. The three actions were joined for trial. Following discovery, the Town moved for summary judgment dismissing the complaints. In an order entered November 18, 2015, the Supreme Court granted the Town's motion for summary judgment dismissing the complaints. A judgment entered December 17, 2015, upon that order, dismissed the complaints, and the plaintiffs appeal.
Maritime law, which is applicable in this case, recognizes a general theory of liability for negligence (see East River S. S. Corp. v Transamerica Delaval Inc., 476 US 858, 859). "[N]egligent conduct on the navigable waters that causes loss to another constitutes a maritime tort" (United States v M/V Big Sam, 681 F2d 432, 443 [5th Cir]). Once the Town set a channel through the use of navigational aids, it had a duty to maintain those navigational aids in a reasonable and prudent manner (see Tringali Bros. v United States, 630 F2d 1089. 1090 [5th Cir]; Somerset Seafood Co. v United States, 193 F2d 631, 635 [4th Cir]; see also Turturro v City of New York, 28 NY3d 469, 479; Nowlin v City of New York, 81 NY2d 81, 88; Lopes v Rostad, 45 NY2d 617, 623).
Upon applying maritime law, we conclude that the Town failed to establish its prima facie entitlement to judgment as a matter of law. Although the Town submitted evidence suggesting that the accident may have been at least partly caused by negligence on the part of the boat's operator, the Town failed to meet its prima facie burden of demonstrating the lack of any triable issues of fact regarding the Town's comparative fault based on its placement and maintenance of the buoys in the Goose Island Channel (see Whitney S.S. Co. v United States, 747 F2d 69, 72 [2d Cir]).
Since the Town failed to satisfy its prima facie burden, we need not consider the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court