Montes v City of Rochester
2026 NY Slip Op 04064
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

ENDENI MONTES AND ROSA MONTES, PLAINTIFFS-APPELLANTS,
v
CITY OF ROCHESTER, ROCHESTER CITY POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
311 CA 25-00925
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFFS-APPELLANTS.
PATRICK BEATH, CORPORATION COUNSEL, CITY OF ROCHESTER, ROCHESTER (CARLA WILLIAMS-PAULEY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered March 26, 2025, in a negligence action. The order, insofar as appealed from, granted that part of the motion of defendants City of Rochester and Rochester City Police Department for summary judgment dismissing the amended complaint against the City of Rochester.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs—homeowners whose home was struck by a vehicle proceeding through a T-intersection at a high rate of speed—commenced this negligence action seeking damages sustained as a result of the accident. Defendants City of Rochester (City) and Rochester City Police Department moved for summary judgment dismissing the amended complaint against them. Supreme Court issued an order granting that motion, and plaintiffs now appeal, as limited by their brief, from the order insofar as it granted the motion with respect to the City. We affirm.
"Highway planning, design, and maintenance . . . are proprietary functions, arising from a municipality's proprietary duty to keep its roads and highways in a reasonably safe condition" (Turturro v City of New York, 28 NY3d 469, 479 [2016] [internal quotation marks omitted]). "A municipality's proprietary duty to keep its roadways in a reasonably safe condition is well settled" (id.; see Baker v State of New York, 238 AD3d 1468, 1468 [4th Dept 2025], lv denied 44 NY3d 911 [2026]); however, that duty is limited to the "traveling public, pedestrians, motorists and the like" (Lopes v Rostad, 45 NY2d 617, 624 [1978]). Inasmuch as plaintiffs were not members of the traveling public, the City's duty to keep and maintain its roads did not extend to them under the circumstances here. Thus, as plaintiffs and the City correctly agree, the court erred insofar as it determined that the City's nondelegable duty to keep its roads in a reasonably safe condition applied to the facts of this case.
Plaintiffs contend, however, that the City owed a duty to foreseeable plaintiffs whose injuries are proximately caused by unsafe conditions within its control. We reject that contention. To the extent that any duty would arguably apply to a municipality's general efforts to protect private property adjacent to a roadway, those efforts would involve the "exercis[e of] a governmental function—i.e., undertaking functions or services that are not typically provided by private actors" (Ferreira v City of Binghamton, 38 NY3d 298, 309 [2022]). Plaintiffs would thus be required to "demonstrate that a special duty was created" (Valdez v City of New York, 18 NY3d 69, 75 [2011]), which they have failed to allege or establish here. Contrary to plaintiffs' contention, foreseeability bears on the scope of a duty, not whether that duty exists at all (see 532 Madison Ave. Gourmet Foods, Inc. v Finlandia Ctr., 96 NY2d 280, 288-289 [2001]). "Absent a [*2]duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (id. at 289).
Plaintiffs' remaining contentions are academic in light of the foregoing.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court