■    In the Matter of ROBERT FRANKS, as Administrator of the Estate of SARAH FRANKS, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 53421.) BARRY L. KEENE et al., Appellants. v STATE OF NEW

York, Respondent. (Claim No. 53464.) Robert Franks, as Administrator of the Estate of Sarah Franks, Deceased, et al., Appellants, v State of New York, Respondent. (Claim No. 57174.)—Appeals from judgments in favor of defendant, entered November 6, 1975, upon a decision of the Court of Claims which dismissed the claim in each action. On December 19, 1970 at approximately 12:10 A.M., an automobile driven by William La Plant, in which Sarah Franks and Barry Keene were passengers, collided with a sand truck owned by the State of New York at the Lowman Crossover west of Chemung, New York, on Route 17, a four-lane limited access highway. The mishap occurred as the truck, which had been traveling in a westerly direction, was about to make a U-turn and travel easterly on Route 17 back toward Chemung. While Keene survived the collision, La Plant was killed instantly and Franks succumbed to her injuries sustained on July 12, 1972. As a result, personal injury actions against the State were commenced by Franks and Keene and, following Frank's death, an action for wrongful death against the State was so initiated. Tried jointly on the issue of liability only, the three claims were dismissed after trial based upon the court's conclusions that La Plant's negligence in the operation of his vehicle was the sole cause of the accident. On this appeal, two basic questions are presented, *to wit:* whether the conclusion of the Court of Claims that La Plant's negligence was the sole cause of the accident is against the weight of the evidence and whether the State's alleged negligence in the design of Route 17 was a cause of the accident. Turning initially to the question of highway design, we find that at trial conflicting expert opinions were presented on this issue. Moreover, from the record it is clear that the area of Route 17 in question was constructed in accordance with the State's design plans as amended and that these plans were evolved after adequate study and have a rational basis. Accordingly, the court properly rejected claimants' contentions relative to the design of Route 17 *(Weiss v Fote,* 7 NY2d 579, mot for rearg den 8 NY2d 934). We likewise find the court's conclusion that La Plant's negligence was the sole cause of the accident is not against the weight of the evidence. That the sand truck was making an authorized U-turn from the passing lane for westerly bound traffic on Route 17 is uncontested, and the State employee driving the truck had his left turn signal and tail lights operating in preparing for the turn. In contrast, La Plant had been driving his automobile in the same passing lane for approximately two miles immediately prior to the collision in apparent violation of sections 1120 and 1124 of the Vehicle and Traffic Law, and he also was operating a two-way radio in his vehicle just before the mishap. Additionally, the night was clear and dry, the highway was level, the sight distance looking easterly from the intersection was variously described by experts as "unlimited" or "well over 2,000 feet", and there is nothing of substance in the record to support claimants' position that the lights on the sand truck were obscured by sand or dirt. Such being the case, questions of fact relating to negligence and proximate cause were presented, and the record plainly justifies the court's conclusion that La Plant's negligence, in remaining in the passing lane and failing to observe ahead, was the sole cause of the accident. Judgments affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.