■ JOHN A. LEWIS, SR., as Parent and Natural Guardian of LESLIE A. LEWIS, an Infant, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58445.)—Appeal from a judgment, entered September 7, 1977, upon a decision of the Court of Claims, which dismissed the claim. Claimants commenced this action to recover damages for personal injury, wrongful death and property damage arising out of a two-car automobile accident. At approximately 1:10 P.M. on September 14, 1973, claimant John A. Lewis, Sr., was operating his vehicle on the westbound lane of Route 17 in the Town of Deposit, Delaware County, when an eastbound car went out of control, crossed the grassy median separating the east and west lanes, and collided with the Lewis vehicle. At the time of the accident, the road surface was wet since it had been raining. The Lewis car, forced onto its right side from the impact of the collision, was propelled into a retaining wall eight feet from the edge of the westbound lane. Lewis' wife was killed and he and the other claimants, occupants of his car, suffered severe personal injuries. Following a bifurcated trial on the issue of liability only, the Court of Claims dismissed the claim. The testimony at trial established that Route 17 in the vicinity of the accident is a four-lane expressway with two 12-foot lanes in each direction. It was constructed in 1952 in accordance with then accepted design practices. The westbound and eastbound lanes are separated

by a grassy median 20 feet wide which dips slightly in the middle. There is no median barrier. The curve of the road in the area is approximately one and one-half to two and one-half degrees, with a slight grade. The northern edge of the highway is bordered by a metal retaining or "bin" wall, which is separated from the edge of the westbound pavement by an eight-foot shoulder. The dispositive issue raised by this appeal is whether the State should be held liable for failing to erect a median barrier in the area where the accident occurred. In determining whether the State should be held liable where it has exercised discretion in establishing a plan for highway safety, the standard to be applied is whether that plan "was evolved without adequate study or lacked reasonable basis" *(Weiss v Fote,* 7 NY2d 579, 589). The State's expert witness, a claims engineer in accident data analysis in the Traffic and Safety Division of the Department of Transportation, testified that an over-all safety study of Route 17, conducted in 1969, revealed that the area in question was not a "high accident location" or "out of control segment of roadway"; and that, therefore, the erection of a median barrier was unnecessary and not recommended. He stated that this was a low traffic volume area; that the principal cause of accidents in the area was animals as opposed to skidding or loss of control; that there were few mall crossings in the accidents reported; and that a median barrier has not been erected since "We are proceeding in the higher priority areas on Route 17 where a safety project has been determined to be a necessity." Claimants attempt to rebut this testimony by placing heavy reliance upon a May 3, 1967 letter from the Deputy Chief Engineer of the State Department of Public Works. The letter, among other things, sets forth guidelines for corrective work and spot safety where roads, designed and built under previously acceptable standards, require correction. In pertinent part, the letter specifies that expressway median barriers should be constructed where the median is less than 36 feet wide and that guide rails should be installed in front of objects that cannot be removed. The letter, however, only strengthens the State's position; it expressly explains that its guide lines are to be implemented subject to the "judgment" of those whose job it is to order corrective changes. Claimants, again relying on said letter, also seek to establish the State's liability for its failure to install a guide rail in front of the retaining wall. We agree with the Court of Claims, however, that the proof in this respect was inadequate to demonstrate negligence on the part of the State. Finally, although claimants' expert testified that in his view a median barrier should have been erected, "something more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" *(Weiss v Fote, supra,* p 588). We thus conclude that claimants have failed to show that the safety plan for the area in question, as testified to by the State's expert, was either evolved without adequate study or lacked a reasonable basis *(Weiss v Fote, supra; Franks v State of New York,* 55 AD2d 978, 979, mot for lv to app den 41 NY2d 805; *Hagen v State of New York,* 53 AD2d 802; *Stuart-Bullock v State of New York,* 38 AD2d 626, 627, affd 33 NY2d 418). Since the Court of Claims properly dismissed the claim, the judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.