■ STEPHEN J. HARFORD, as Administrator of the Estate of PATRICIA HARFORD, Deceased, Appellant-Respondent, v CITY OF NEW YORK, Respondent, and ANNEMARIE CUNNINGHAM et al., Respondents-Appellants. [598 NYS2d 309] —In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Krausman, J.), dated December 6, 1990, as, upon a ruling at the close of the evidence at a jury trial, dismissed the complaint insofar as it is asserted against the defendant City of New York, and the defendants Annemarie Cunningham and Marilyn Elman separately cross-appeal from the judgment which, in addition to, in effect, dismissing any cross claims against the City of New York, is in

favor of the plaintiff and against them in the principal sum of $1,765,000 for wrongful death and $40,000 for pain and suffering.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the respondent City of New York, by the appellant-respondent and the respondents-appellants.

It is well established that the decision as to whether to install a traffic control device is a discretionary governmental function which will not expose a municipality to liability *(see, Weiss v Fote,* 7 NY2d 579, 586; *Alexander v Eldred,* 63 NY2d 460, 465-466). In *Weiss,* the Court of Appeals stated that "something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with failure to discharge its duty to plan highways for the safety of the traveling public" *(Weiss v Fote, supra,* at 588; *see also, Trautman v State of New York,* 179 AD2d 635, 636; *Rittenhouse v State of New York,* 134 AD2d 774, 775). Once the municipality has determined that a traffic-control device is necessary to remedy a dangerous condition, it must act with some reasonable speed to correct the condition *(see, Friedman v State of New York,* 67 NY2d 271, 288). In the present case, although the desirability of installing a traffic signal at the location in question was considered, no determination was made that the traffic-control device was necessary. The failure to make such a determination is clothed in a qualified immunity and, therefore, the defendant City of New York cannot be held liable. The plaintiff contends that the testimony of his expert in transportation engineering at least created issues of fact for the jury to determine. This is precisely the situation where *Weiss* controls and does not allow a battle of the experts.

The remaining contentions of the defendant Cunningham and the defendant Elman, that the Supreme Court erred in its charge as to liability, wrongful death, and conscious pain and suffering, are either unpreserved for appellate review *(see,* CPLR 4017), or are meritless. Finally, we find that the damage award did not deviate materially from what would be reasonable compensation. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.