(October 10, 1995)

■ JOSEPH ABRAHAMS, Appellant, v TOWN OF BROOKHAVEN, Respondent, et al., Defendants. [631 NYS2d 934] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated March 9, 1994, which granted the defendant Town of Brookhaven's motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

In the case at bar, the Town of Brookhaven (hereinafter the Town) conducted two adequate traffic studies of the intersection where the accident occurred within a four-year period prior to the accident date. Moreover, as a result of these studies, the Town enacted reasonable and appropriate safety measures, including the installation of an "intersection ahead" sign which warned of the presence of the intersection to approaching motorists, such as the plaintiff *(cf., Scheemaker v State of New York,* 70 NY2d 985). Accordingly, the Town is entitled to qualified immunity from liability arising out of its highway planning decisions for this intersection *(see, Weiss v Fote,* 7 NY2d 579; *Friedman v State of New York,* 67 NY2d 271). In addition, the opinion of the plaintiff's professional engineer, regarding the need for additional warning signs, does not create a triable issue of fact for a jury to determine since "[t]his is precisely the situation where *Weiss* controls and does not allow a battle of the experts" *(Harford v City of New York,* 194 AD2d 519, 520; *see generally, Weiss v Fote, supra).*

We find no merit to the plaintiff's remaining contentions. Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.