■ ANGELA CALCAGNO et al., Appellants, v BIG V SUPERMARKETS, INC., Doing Business as SHOPRITE OF CATSKILL, Respondent. [664 NYS2d 495] —Peters, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 10, 1996 in Greene County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff Angela Calcagno (hereinafter plaintiff) and her husband commenced this personal injury action after plaintiff slipped and fell while walking down an aisle in defendant's supermarket in the Village of Catskill, Greene County. The accident occurred on July 2, 1992. According to plaintiff, her fall was caused by a clear liquid detergent on the aisle floor that defendant's employees negligently permitted to accumulate. Following joinder of issue and discovery, defendant crossmoved for summary judgment dismissing the complaint. Supreme Court granted defendant's cross motion, finding that plaintiffs failed to raise a question of fact as to whether defendant had constructive notice of the condition in the aisle, and this appeal by plaintiffs ensued.

We affirm. "In order to impose liability, there must be evidence that defendant had actual or constructive notice of the dangerous condition that caused plaintiff's injury" (citation omitted) (*Hamilton v Rite Aid Pharmacies*, 234 AD2d 778; *see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Collins v Grand Union Co.*, 201 AD2d 852; *Browne v Big V Supermarkets*, 188 AD2d 798, *lv denied* 81 NY2d 708). As the proponent of the summary judgment cross motion, defendant "satisfied its burden of establishing prima facie that it did not create or have actual or constructive knowledge of the condition that caused plaintiff's injuries" (*McClarren v Price Chopper Supermarkets*, 226 AD2d 982, 983, *lv denied* 88 NY2d 811; *cf.*, *Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001).

Defendant submitted plaintiff's deposition testimony in which she testified that she was in the aisle for 20 minutes, but that she had no idea how long the spill was on the floor or if defendant's employees had knowledge of the condition prior to her fall (*see, Salty v Altamont Assocs.*, 198 AD2d 591, 592).

Defendant also submitted the deposition testimony of a nonparty witness who testified that the clear liquid was located in the cleanser and soap aisle and that the spill was in toward the aisle and the shelves rather than out in the middle of the aisle. Since defendant met its evidentiary burden of proving that it did not create or have actual or constructive notice of the condition, the burden then shifted to plaintiffs to submit evidentiary proof in admissible form raising a triable issue of fact as to whether defendant had notice of the spill (*Zuckerman v City of New York*, 49 NY2d 557).

Although plaintiffs submitted evidence that defendant's maintenance personnel proceeded up and down the aisles every couple of hours dust mopping the floors and cleaning spills and that plaintiff was in the aisle for at least 20 minutes before she slipped and fell, plaintiffs' contention that the liquid had been on the floor for at least 20 minutes before plaintiff fell and, therefore, that defendant had constructive notice of the spill is, as Supreme Court found, wholly speculative and unsupported by the record (*see, Collins v Grand Union Co., supra*). Therefore, plaintiffs failed to meet their burden and, accordingly, defendant's cross motion for summary judgment was properly granted.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.