■ STEVEN MONFISTON et al., Appellants, et al., Plaintiffs, v SCOTT M. EKELMAN et al., Defendants, and COUNTY OF SUFFOLK, Respondent. (Action No. 1.) YOLETTE MONFISTON, Plaintiff, v SCOTT EKELMAN et al., Defendants. (Action No. 2.) JOANNE WINTER, Plaintiff, v YOLETTE MONFISTON et al., Defendants. (Action No. 3.) [670 NYS2d 53] —In an action to recover damages for personal injuries, etc., Steven Monfiston, an infant by his guardian ad litem, Antonio Saint-Vil, and Stevenson Monfiston, plaintiffs in Action No. 1, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated February 5, 1997, as granted the motion of the County of Suffolk for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in Action No. 1.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that the "liability [of a municipality] for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 588-589). In order to hold a municipality liable, "something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra*, at 588; *see also, Harford v City of New York*, 194 AD2d 519, 520). In the instant case, the County of Suffolk (hereinafter the County) conducted two adequate traffic studies of the intersection at William Floyd Parkway and Dawn Drive within a two-year period prior to the accident that occurred at that intersection. As a result of those studies, the County installed four traffic signals on William Floyd Parkway, two for the northbound lanes and two for the southbound lanes. Accordingly, the County is entitled to qualified immunity from liability arising out of its highway planning decisions for this intersection (*see, Weiss v Fote, supra; Friedman v State of New York*, 67 NY2d 271). In addition, the opinion of the appellants' expert, relating to the need for a

protected left-turn signal, does not create a triable issue of fact for a jury to determine since "[t]his is precisely the situation where Weiss controls and does not allow a battle of the experts" (*Harford v City of New York, supra,* at 520).

Accordingly, the Supreme Court properly granted the County's motion for summary judgment. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.