■ LINDA SCHUSTER et al., Appellants, v ROBERT S. McDONALD et al., Defendants and TOWN OF HEMPSTEAD et al., Respondents. [692 NYS2d 721] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated June 10, 1998, as granted those branches of the separate motions of the defendants Town of Hempstead and County of Nassau which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents.

In 1993 the plaintiff Robert Schuster, a pedestrian, allegedly suffered catastrophic injuries as a result of a two-car collision at the intersection of Bedford Avenue and Wilson Avenue in Bellmore. At the time of the accident the intersection was regulated by, *inter alia,* a stop sign for traffic entering from Wilson Avenue onto Bedford Avenue. Schuster and his wife (asserting derivative claims) commenced this action against the drivers of the vehicles, the respondent Town of Hempstead, which maintained Wilson Avenue and the respondent County of Nassau, which maintained Bedford Avenue. The plaintiffs alleged that the Town and the County each failed to maintain a reasonably safe roadway, e.g., that additional traffic signs should have been installed or that the subject intersection should have been regulated by a traffic light. After issue was joined and discovery completed, the Town and the County each moved, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them under the doctrine of qualified immunity. The Supreme Court granted the motions and we affirm.

A governmental body owes a nondelegable duty to keep its

streets in a reasonably safe condition (*see, Friedman v State of New York,* 67 NY2d 271; *Weiss v Fote,* 7 NY2d 579). However, a governmental body is accorded a qualified immunity from liability arising out of a highway safety planning decision (*see, Friedman v State of New York, supra; Alexander v Eldred,* 63 NY2d 460; *Weiss v Fote, supra*). Under the doctrine of qualified immunity, a governmental body may not be held liable for a highway safety planning decision unless its study of a traffic condition is plainly inadequate, or there is no reasonable basis for its traffic plan (*see, Friedman v State of New York, supra; Alexander v Eldred, supra; Weiss v Fote, supra*). The doctrine arises out of the need to place proper limits on intrusions into the planning and decision-making function of a governmental body. "To accept a jury's verdict as to the reasonableness and safety of a plan of governmental services and prefer it over the judgment of the governmental body which originally considered and passed on the matter would be to obstruct normal governmental operations and to place in inexpert hands what the Legislature has seen fit to entrust to experts" (*Weiss v Fote, supra,* at 585-586; *see, Friedman v State of New York, supra,* at 283).

In support of their respective motions, the Town and the County proffered expert opinion evidence and a survey of and report on the subject intersection by the Division of Traffic Engineering of the Department of Public Works of the County of Nassau. The survey and report, completed in 1986, concluded that neither the installation of a traffic signal nor additional signs at the intersection was warranted. The survey included an on-site inspection, vehicle and pedestrian counts, a listing of warrants issued (including those for automobile accidents) and review by certified engineers. That evidence was sufficient to demonstrate the prima facie entitlement of the Town and the County to judgment as a matter of law pursuant to the doctrine of qualified immunity.

In opposition, the plaintiffs proffered the affidavit of a civil engineer who opined that the subject intersection was not "designed, maintained and operated in accordance with standard and appropriate acceptable good and safe design practices". However, "something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* at 588; *see also, Friedman v State of New York, supra; Monfiston v Ekelman,* 248 AD2d 518). The evidence proffered by the plaintiffs was insuf-

ficient to raise a triable issue of fact that the survey and report relied on by the respondents was plainly inadequate, or that the traffic plan in effect at the time of the accident was without a reasonable basis (*see, Friedman v State of New York, supra; Alexander v Eldred, supra; Weiss v Fote, supra*). The plaintiffs' proffer of various raw accident statistics, indicating nine other accidents at or near the intersection in the five-year period between 1989 to 1993—none of which were described in any detail and only one of which resulted in any reported injuries—was insufficient to raise a triable issue of fact that either the Town or the County breached its respective "continuing duty to review its [traffic] plan in light of its actual operation" (*Weiss v Fote, supra*, at 587). Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.