## (October 10, 2000)

HAROLD R. AFFLECK, Plaintiff, v GERALD M. BUCKLEY, JR., et al., Defendants. (Action No. 1.) HAROLD R. AFFLECK, Respondent, v COUNTY OF NASSAU, Appellant. (Action No. 2.) [714 NYS2d 108] —In two related actions, *inter alia*, to recover damages for wrongful death and personal injuries, the County of Nassau, the defendant in Action No. 2, appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 26, 1999, as denied its motion for summary judgment dismissing the complaint in that action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint in Action No. 2 is dismissed.

The present actions arise from an automobile accident that occurred on September 11, 1994, at the entrance to the Waldbaum's Shopping Center (hereinafter Waldbaum's) on Westbury Avenue in Carle Place. The decedent Harold R. Affleck was driving a vehicle in which his wife, the decedent Harriet Affleck, was a passenger, west on Westbury Avenue, a two-lane thoroughfare, when he attempted to make a left turn into the Waldbaum's driveway against oncoming traffic. His car collided with a vehicle operated by Gerald M. Buckley, Jr., a defendant in Action No. 1, which was traveling eastbound on Westbury Avenue. The Affleck vehicle then collided with a vehicle operated by Joan Walker, a defendant in Action No. 1, which was stopped in the driveway of Waldbaum's, waiting to exit.

Sometime before the accident, Waldbaum's had hired a private consultant, PSC Engineering, to survey the subject driveway as a result of patrons' complaints that "exiting onto Westbury Avenue was very difficult". The consultant, observ-

ing that sightlines were obscured primarily by trees within the buffer strip between the curb and the sidewalk recommended that a traffic light be installed. The defendant County of Nassau (hereinafter the County) conducted its own investigation and determined that a traffic signal was not warranted but that sight visibility needed to be improved for vehicles exiting the Waldbaum's parking lot by removing several trees and a fence. The County also installed additional traffic signs to warn motorists about the parking lot entrance. The plaintiff now claims that the County's failure to install a traffic signal was a proximate cause of the decedents' accident.

The Supreme Court denied the County's motion for summary judgment. We reverse.

A governmental body owes a nondelegable duty to keep its streets in a reasonably safe condition (see, Friedman v State of New York, 67 NY2d 271). However, a governmental body is accorded a qualified immunity from liability arising out of a highway safety planning decision (see, Friedman v State of New York, supra; Alexander v Eldred, 63 NY2d 460), unless its study of a traffic condition is plainly inadequate, or there is no reasonable basis for its traffic plan (see, Friedman v State of New York, supra; Alexander v Eldred, supra; Schuster v McDonald, 263 AD2d 473).

In support of its motion, the County submitted an affidavit by the assistant to the Deputy Commissioner for Traffic Engineering of the County of Nassau, stating that the County had studied the area in question for almost a year in response to citizen complaints, had conducted visits and performed traffic counts in response to the report of PSC Engineering, and had evaluated accident reports for the general area in making its determination not to install a traffic signal. In addition, the County submitted evidence that before the accident it had completed measures to improve the safety of the driveway area within its control, which was sufficient to demonstrate its prima facie entitlement to judgment as a matter of law pursuant to the doctrine of qualified immunity (see, Schuster v McDonald, supra; Redcross v State of New York, 241 AD2d 787).

In opposition to the motion, the evidence proffered by the plaintiff was insufficient to raise a triable issue of fact as to the reasonableness of the County's determination or the inadequacy of its investigation (see, Schuster v McDonald, supra). The opinion expressed in the report of PSC Engineering that a traffic signal should be installed is insufficient to overcome the qualified immunity, as "something more than a mere choice between conflicting opinions of experts is required before the

State or one of its subdivisions may be charged with failure to discharge its duty to plan the highways for the safety of the traveling public" (*Weiss v Fote,* 7 NY2d 579, 588; *see also, Abrahams v Town of Brookhaven,* 220 AD2d 472).

It is noted that Waldbaum's private consultant recommended the installation of a traffic signal to control egress from the shopping center parking lot. It appears that such a recommendation, even if followed, would not have prevented the instant accident. Under the circumstances of this case, where the decedents' vehicle was turning into the shopping center driveway against oncoming eastbound traffic, there is no evidence that the County's ascribed negligence in failing to install a traffic signal contributed to the happening of this accident (*see, Redcross v State of New York, supra*). O'Brien, J. P., McGinity and Feuerstein, JJ., concur.

Luciano, J., dissents and votes to affirm the order insofar as appealed from with the following memorandum in which Friedmann, J., concurs. I disagree with the majority that the County of Nassau (hereinafter the County) was entitled to qualified immunity from liability as a matter of law in connection with its determination not to place a traffic signal at the intersection of a private commercial driveway and a busy thoroughfare.

The instant action arises from an automobile collision that occurred on September 11, 1994, at the driveway to the parking lot of the Waldbaum's Shopping Center on Westbury Avenue in Carle Place. The vehicle driven by the decedent Harold R. Affleck, and in which the decedent Harriet Affleck was a passenger, was making a left turn from the westbound lane of Westbury Avenue into the Waldbaum's driveway when it was struck by a vehicle traveling eastbound on Westbury Avenue operated by the defendant Gerald M. Buckley, Jr. As a result of the impact, the decedents' vehicle spun around and collided with a third vehicle, operated by the defendant Joan Walker, which was stopped in the driveway, waiting to exit onto Westbury Avenue.

Before the accident, Waldbaum's had hired a private consultant to survey the immediate area along Westbury Avenue, between Glen Cove Road and Bruce Terrace, to determine the advisability of installing a traffic signal to alleviate the difficulties of ingress and egress at the driveway. The consultant's report indicated that, on the .11 mile length of roadway it examined, 18 collisions occurred during a three-year period from January 1990 to December 1993. Notably, 11 of the 18 collisions were of the "turning type", in that they occurred when one of the vehicles involved made a turn either onto or

from Westbury Avenue. The Waldbaum's consultant stated that the significant number of accidents of the "turning type" was indicative of, *inter alia*, the lack of adequate gaps in the heavy traffic stream on Westbury Avenue. The consultant noted that the alternative remedy of removing trees along Westbury Avenue "would provide some measure of relief for exiting drivers, although, not providing the needed gaps in heavy traffic flow". Thus, he concluded that the installation of a traffic signal would improve overall traffic safety and provide the necessary traffic gaps.

Waldbaum's forwarded its consultant's report to the County, and offered to pay for the installation of a signal, an offer which the County ultimately refused. After conducting several on-site visits and reviewing the consultant's information, which included accident reports, the County concluded that installation of a traffic signal was unnecessary if other, less onerous remedial measures were undertaken by Waldbaum's and the County.

The measures proposed by the County included placing an intersection warning sign and a driveway entrance sign adjacent to the eastbound lanes of Westbury Avenue, removing trees adjacent to Westbury Avenue that obscured the sight line of drivers exiting from the Waldbaum's driveway, and removal of a fence on Waldbaum's property. At the time of the accident, the County had installed the signs, Waldbaum's had not removed the fence, and the record is unclear as to whether the trees had been removed. Upon this evidence, the Supreme Court denied the County's motion for summary judgment dismissing the complaint insofar as asserted against it.

It is well settled that a municipality owes the public a nondelegable duty to keep its streets in a reasonably safe condition (*see, Friedman v State of New York*, 67 NY2d 271). However, a municipality is entitled to qualified immunity from liability with respect to its decisions concerning highway safety planning and design (*see, Friedman v State of New York, supra*; *Weiss v Fote*, 7 NY2d 579; *Longo v Tafaro*, 137 AD2d 661, 663). Once a municipality becomes aware of a hazardous traffic condition, it must undertake a reasonable study of the condition with the goal of alleviating it (*see, Longo v Tafaro, supra*). Liability for a traffic safety planning decision may be incurred upon a showing that the municipality's study of a traffic condition is inadequate, or that there is no reasonable basis for the traffic plan (*see, Longo v Tafaro, supra*, at 662).

The County failed to sustain its burden of establishing its entitlement to judgment as a matter of law based on qualified

immunity, as there are issues of fact regarding whether its decision not to install a traffic signal at the requested site was reasonable and the product of an adequate investigation (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557).

Turning to the reasonableness of the County's plan, we note that the traffic conditions sought to be alleviated were the difficult ingress into and egress out of the driveway. It is ineluctable that the remedial measures proposed by the County were not reasonable in that, while they partially alleviated problems of exiting the driveway, they did not address the problems of entering the driveway. The proposed acts of removing trees, removing fences, and placing signs to warn eastbound traffic of the driveway were, by their nature, designed to alleviate difficulties in leaving the driveway by removing obstructions from the sight line of exiting drivers and warning eastbound traffic of exiting drivers. The removal of such obstructions from the sight line and the placement of warning signs, however, did nothing to improve the sight lines of traffic traveling east and west along Westbury Avenue.

These proposed remedies by the County simply do not assuage the difficulties of drivers entering the driveway, the majority of whom, as evidenced by the report of the Waldbaum's consultant, make a left turn into the driveway from the westbound lane of Westbury Avenue. The report contained turning movement diagrams with respect to the driveway based on traffic counts obtained on a weekday between 8:00 A.M. and 9:00 A.M., 12:15 P.M. and 1:15 P.M., and 4:30 P.M. and 5:30 P.M. Notably, at all three times, there were more westbound vehicles making a left turn into the driveway than eastbound vehicles making a right turn into the driveway. It is submitted that these traffic counts present a triable issue of fact as to whether it was reasonable for the County to adopt a plan that ignored the hardship of drivers entering the driveway, the majority of whom make left turns from Westbury Avenue.

Moreover, the report noted that the majority of the accidents that occurred on Westbury Avenue were of the "turning type", which were "indicative of the lack of adequate gaps within the traffic stream". The report noted that the removal of trees would provide some relief for exiting drivers, but would not provide the needed gaps in the heavy traffic flow on Westbury Avenue. The County's other proposed measures of removing fences and installing intersection warning signs also would not create the necessary traffic gaps. These traffic gaps would provide relief to those drivers who entered the driveway by making a left turn from the westbound lane of Westbury Ave-

nue. Although the remedial measures undertaken by the County primarily address problems with egress from the driveway, there is a triable issue of fact as to whether the County's plan, which failed to create the traffic gaps needed to alleviate the difficulties facing the majority of drivers entering the driveway, was reasonable.

Although, generally, "something more than a mere choice between conflicting opinions of experts is required" before qualified immunity protection is stripped from the State or one of its subdivisions (*Weiss v Fote,* 7 NY2d 579, 588, *supra*; *Abrahams v Town of Brookhaven,* 220 AD2d 472), this principle does not apply to the case at bar. While the measures proposed by the experts of both Waldbaum's and the County address the problems of drivers exiting the driveway, the County's measures failed to address the difficulties of entering the driveway, particularly from the westbound lane of Westbury Avenue, which the traffic counts indicated was the route most drivers used to enter the parking lot. As a result, there is no conflict of expert opinion as to how to ameliorate the hardships of ingress into the driveway. Accordingly, the instant action does not present a "duel of the experts" and the County's invocation of qualified immunity protection cannot be posited on this ground.

Furthermore, there is an issue of fact as to whether the County's study of the traffic conditions was adequate. The County Traffic Engineer, Vincent Fay, testified that the normal procedure in determining whether traffic signalization is required is to conduct a traffic survey when a complaint is received. Fay acknowledged, however, that in conducting its investigation with respect to the driveway, the County did not follow its usual procedure, but instead relied upon prior investigation records and the report of the Waldbaum's consultant. It is submitted that the County's admitted deviation from its own established investigatory procedure created an issue of fact as to whether the County's study of the traffic condition was adequate.

Additionally, although not relevant to the issue of qualified immunity but relevant to the determination of the underlying merits of this action, there is an issue of fact as to whether the County's decision not to install a traffic signal was a proximate cause of the accident (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

I conclude that the Supreme Court properly denied the County's motion for summary judgment dismissing the complaint in Action No. 2. Of special note is the fact that the

instant appeal involves a summary judgment motion, which may only be granted in the absence of triable issues of fact. As evidenced by the record, there are issues of fact as to whether the County's decision not to install a traffic signal was reasonable and the product of an adequate investigation. Moreover, there is an issue of fact as to whether the failure to install a traffic signal was a proximate cause of the accident. Accordingly, the Supreme Court's order should be affirmed insofar as appealed from.