■ JANESE L. SPANBOCK, Respondent, v MICHAEL TRZASKA, Defendant, and COUNTY OF SUFFOLK, Appellant. [731 NYS2d 229] —In an action to recover damages for wrongful death, the defendant County of Suffolk appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated April 28, 2000, which, inter alia, upon a jury verdict finding it 50% at fault in the happening of the accident and awarding damages and upon the denial of that branch of its posttrial motion pursuant to CPLR 4404 which was for judgment in its favor as a matter of law, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, that branch of the appellant's motion pursuant to CPLR 4404 which was for judgment in its favor as a matter of law is granted, and the complaint insofar as asserted against the County of Suffolk is dismissed.

The plaintiff's husband, the deceased Paul Spanbock, a pe-

destrian, was killed when he was hit by a car while attempting to cross an intersection. The plaintiff commenced this action against, among others, the County of Suffolk, alleging, *inter alia*, negligence in the designing of a traffic plan for the subject intersection which failed to provide any means for a pedestrian to safely cross the street.

In the field of highway safety planning, a municipality is immune from liability and negligence for acts involving judgment or discretion (*see, Tomassi v Town of Union,* 46 NY2d 91; *Lewis v State of New York,* 70 AD2d 707), unless its plan or design was adopted without adequate study, or lacked reasonable basis (*see, Weiss v Fote,* 7 NY2d 579; *Puliatti v State of New York,* 91 AD2d 1192). A governmental body may be held liable only when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan (*see, Friedman v State of New York,* 67 NY2d 271; *Alexander v Eldred,* 63 NY2d 460).

Here, according to the testimony of a traffic engineer employed by the defendant County, a study of the subject intersection was conducted in the spring of 1990, about three years before the accident. The study found that no pedestrian accidents had occurred at the intersection between 1985 and 1989, and consequently made no recommendation regarding what measures were needed to improve pedestrian safety. Although the plaintiff's expert witness testified that the County's traffic study lacked a reasonable basis because it failed to adequately consider pedestrian activity at the intersection, "something more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* at 588). Under these circumstances, we find that the County is immune from liability for its alleged negligence (*see, Affleck v Buckley,* 276 AD2d 507; *Schuster v McDonald,* 263 AD2d 473; *Light v State of New York,* 250 AD2d 988).

In light of our determination, we need not address the appellant's remaining contentions. Krausman, J. P., McGinity, Schmidt and Adams, JJ., concur.