■ GARRETT MCCABE, Respondent, v TOWN OF BROOKHAVEN, Appellant, et al., Defendant. [735 NYS2d 608] —In an action to recover damages for personal injuries, the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 30, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the Town of Brookhaven, and the action against the remaining defendant is severed.

The plaintiff was riding his motorcycle northbound on Cenacle Road in Ronkonkoma, and the defendant Megan Hoffman was traveling southbound in her vehicle. Both parties accuse the other of crossing the double-yellow line which divides the road. Both parties testified that their visibility was impaired by the configuration of the road. They were both very familiar with the road, having lived nearby for at least three

years and having traveled the road hundreds of times. The parties claim that the Town of Brookhaven was negligent in failing to provide adequate signs to warn motorists. Safety measures implemented by the Town prior to the accident included a curve advisory sign, 30 mile per hour signs, and a double-yellow divider line.

In the field of highway safety planning, a municipality is immune from liability and negligence for acts involving judgment or discretion (*see, Tomassi v Town of Union,* 46 NY2d 91; *Lewis v State of New York,* 70 AD2d 707), unless its plan or design was adopted without adequate study, or lacked a reasonable basis (*see, Weiss v Fote,* 7 NY2d 579). A governmental body may be held liable only when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan (*see, Friedman v State of New York,* 67 NY2d 271; *Alexander v Eldred,* 63 NY2d 460).

The examination before trial testimony of the civil engineer employed by the Town established that it was not negligent in its maintenance and operation of Cenacle Road. It had installed a double-yellow divider line on the entire length of the road, and curve warning and advisory speed limit signs within 500 feet of the horizontal and vertical curve. Although the report of the plaintiff's expert witness indicates that 25 mile per hour signs should have been posted and more warning signs were needed, "something more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* at 588). Under the circumstances, the Town is immune from liability for its alleged negligence (*see, Affleck v Buckley,* 276 AD2d 507, *affd* 96 NY2d 553; *Schuster v McDonald,* 263 AD2d 473; *Light v State of New York,* 250 AD2d 988). The Town made out a prima facie case for summary judgment and the plaintiff failed to raise an issue of fact in his opposition papers. Thus, the Town's motion for summary judgment should have been granted. Ritter, J. P., Smith, Adams and Cozier, JJ., concur.