FOURTH DEPARTMENT, FEBRUARY, 2005

(February 4, 2005)

■ JENNIFER DRAKE et al., Respondents, v COUNTY OF HERKIMER, Appellant. (Action No. 1.) ALAN DRAKE, as Parent and Natural Guardian of QUENTON DRAKE, Respondent, v COUNTY OF HERKIMER, Appellant. (Action No. 2.) [788 NYS2d 770]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered April 15, 2004. The order, among other things, denied the motion of defendant for summary judgment dismissing the complaints in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: This appeal arises in two consolidated actions commenced by plaintiffs to recover for personal injuries sustained in a single-car accident occurring at an intersection on a highway owned by defendant. It is well established that municipalities have a duty to maintain their roads in a reasonably safe condition for motorists and must guard against contemplated and foreseeable risks (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]; *Lopes v Rostad*, 45 NY2d 617, 623 [1978]). Nevertheless, the duty is "measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions" (*Friedman*, 67 NY2d at 283). Thus, in the field of traffic design engineering, the municipality is accorded a qualified immunity from liability arising out of a highway planning decision (*see Friedman*, 67 NY2d at 283; *Alexander v Eldred*, 63 NY2d 460, 465-466 [1984]; *Weiss v Fote*, 7 NY2d 579, 585-586 [1960], *rearg denied* 8 NY2d 934 [1960]). Pursuant to that doctrine of qualified immunity, "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate

study or lacked a reasonable basis" (*Weiss*, 7 NY2d at 589; *see Friedman*, 67 NY2d at 284; *Alexander*, 63 NY2d at 466).

Applying the foregoing standards, we conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaints. There is a triable issue of fact concerning whether defendant's choice of signage at the intersection and the absence of traffic signals was the product of adequate study and a reasonable planning decision on the part of defendant or was instead negligent (*see Forsythe-Kane v Town of Yorktown*, 249 AD2d 505, 506 [1998]; *Appelbaum v County of Sullivan*, 222 AD2d 987, 989 [1995]; *see also Scheemaker v State of New York*, 70 NY2d 985, 986 [1988]; *cf. Abrahams v Town of Brookhaven*, 220 AD2d 472 [1995]). Further, there is a triable issue of fact concerning whether such alleged negligence was a proximate cause of the accident and injuries (*see Ernest v Red Creek Cent. School Dist.*, 93 NY2d 664, 674-675 [1999], *rearg denied* 93 NY2d 1042 [1999]; *Purves v County of Erie*, 12 AD3d 1112 [2004]). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.