■ Donna J. Pensabene, Individually and as Legal Guardian of Laurie A. Herman et al., Appellant, v State of New York, Respondent. (Claim No. 105396.) [809 NYS2d 620]—

Lahtinen, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered November 15, 2004, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

This action arises out of an automobile accident that occurred where State Route 9 intersects with Malta Avenue and Malta Avenue Extension in the Town of Malta, Saratoga County. Laurie A. Herman, traveling south on Route 9, attempted a left turn onto Malta Avenue Extension and was struck by a northbound vehicle resulting in catastrophic injuries to herself and minor injuries to her infant son, a rear seat passenger. Claimant alleges that defendant is responsible for this accident because it failed to provide the proper traffic control device at the intersection.

Approximately four years before the accident, defendant conducted a study of the intersection. The study resulted in the modification of the traffic light controlling the intersection by the addition of a left-turn arrow for northbound traffic turning left onto Malta Avenue. The crux of claimant's argument is that an adequate study of the intersection would have resulted in a modification which would have provided for exclusive left-turn lanes and left-turn arrows for both northbound and southbound traffic on Route 9 and that the modification that defendant did adopt lacked a reasonable basis (*see generally Weiss v Fote*, 7 NY2d 579 [1960]). After an exhaustive review of the testimony, the Court of Claims concluded that claimant failed to establish that defendant conducted an inadequate study resulting in an unreasonable modification and dismissed the claim, prompting this appeal.

We affirm. Our independent review of the evidence provides

no basis to disturb the Court of Claims' resolution of the factual issues and its conclusion, based on those facts, that defendant is immune from liability. Here, defendant relied on the latest available Department of Motor Vehicles three-year accident history of the intersection, on-site inspections, sight distance measurements and an accident diagram for the three-year accident history period. Based upon those considerations, defendant's experts testified that, a left-turn arrow for southbound traffic turning onto Malta Avenue Extension was not required. Claimant's expert's opinion, that the failure to consider more recent accidents and interview police officers and area residents familiar with the intersection rendered defendant's study inadequate, was insufficient to support a finding that defendant was negligent (*see Monfiston v Ekelman*, 248 AD2d 518, 518-519 [1998]; *Harford v City of New York*, 194 AD2d 519, 520 [1993]).

Nor do we find any merit to claimant's remaining contention that the Court of Claims erroneously failed to apply the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) to the issues raised in this case.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.