Ginsberg v BJ's Wholesale Club, Inc. (2020 NY Slip Op 05350)





Ginsberg v BJ's Wholesale Club, Inc.


2020 NY Slip Op 05350


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


510 CA 19-02022

[*1]DEBRA GINSBERG, PLAINTIFF-RESPONDENT,
v
BJ'S WHOLESALE CLUB, INC., DEFENDANT-APPELLANT. 
BJ'S WHOLESALE CLUB, INC., THIRD-PARTY PLAINTIFF,
v
INTERNATIONAL BUSINESS MACHINES CORPORATION, THIRD-PARTY DEFENDANT-APPELLANT. 






MACKENZIE HUGHES LLP, SYRACUSE (STEPHEN S. DAVIE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GOLDBERG SEGALLA LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT. 
ADAMS LECLAIR LLP, ROCHESTER (ROBERT P. YAWMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered April 25, 2019. The order denied the motions of defendant and third-party defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions are granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a metal panel detached from a self-check-out machine at one of defendant-third-party plaintiff's stores and fell onto her foot. The machine was manufactured by third-party defendant. Defendant-third-party plaintiff (BJ's) and third-party defendant (collectively, defendants) separately moved for summary judgment dismissing the complaint. Supreme Court denied the motions on the ground that questions of fact existed whether BJ's lacked constructive notice of any defective or dangerous condition of the machine.
We agree with defendants that the court erred in denying their motions, and we therefore reverse. Defendants met their initial burden of establishing that BJ's lacked constructive notice of the allegedly dangerous or defective condition of the machine, and plaintiff failed to raise a triable issue of fact in opposition (see generally Anderson v Justice, 96 AD3d 1446, 1447 [4th Dept 2012]).
It is well established that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1401 [4th Dept 2018]; Clarke v Wegmans Food Mkts., Inc., 147 AD3d 1401, 1402 [4th Dept 2017]). Here, defendants' submissions on the motions established that no one, including plaintiff, observed any defect in the machine or the metal panel that injured plaintiff (see Anderson, 96 AD3d at 1447). Indeed, defendants' evidence demonstrated that the self-check-out machine was inspected and tested on the morning of the incident, that an employee was stationed [*2]directly in front of the machine prior to the incident and observed nothing abnormal about the machine, and that plaintiff herself had observed nothing abnormal about the machine while standing in line and waiting to use it. Although the deposition testimony of one of BJ's employees referenced that the employee had previously "adjust[ed]" a panel on an unidentified self-check-out machine at some time, nothing in that testimony indicated that BJ's had notice of a defective or dangerous condition of the machine that injured plaintiff.
In opposition to the motions, plaintiff submitted an affidavit from her expert opining that a physical inspection of the metal panel would have revealed that it posed a danger of falling. That conclusion was both "speculative and unsupported by the record" (Calcagno v Big V Supermarkets, 245 AD2d 698, 699 [3d Dept 1997]) in light of the evidence regarding the inspections performed and observations of the machine prior to the incident (see generally Anderson, 96 AD3d at 1447-1448).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court