Klepanchuk v State of N.Y. Dept. of Transp. (2020 NY Slip Op 07766)





Klepanchuk v State of N.Y. Dept. of Transp.


2020 NY Slip Op 07766


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


783 CA 20-00216

[*1]LYUBOV KLEPANCHUK, NADIA FEFILOV, HOA NGO, KASEY GHARET, WILLIAM HILL, JR., AND THE ESTATE OF LE NGO, CLAIMANTS-APPELLANTS,
v
STATE OF NEW YORK DEPARTMENT OF TRANSPORTATION, DEFENDANT-RESPONDENT. (CLAIM NO. 116726.) 






CELLINO & BARNES, P.C., ROCHESTER (K. JOHN WRIGHT OF COUNSEL), FOR CLAIMANTS-APPELLANTS. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered July 23, 2019. The order, insofar as appealed from, granted defendant's motion for summary judgment dismissing claim No. 116726 and dismissed that claim. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendant's motion for summary judgment dismissing claim No. 116726 is denied, that claim is reinstated, and the matter is remitted to the Court of Claims for further proceedings in accordance with the following memorandum: On February 10, 2008, a multivehicle accident occurred during "white-out" conditions on Interstate 390 (I-390) near the Greater Rochester International Airport (airport). Claimants commenced this action against defendant seeking damages for the death of the decedent of claimant Estate of Le Ngo and for injuries sustained by the remaining claimants based on allegations that defendant was negligent and that such negligence was a proximate cause of the accident. Specifically, claimants alleged that defendant negligently failed to, inter alia, prevent or alleviate snow blowing from the land adjacent to I-390 or give adequate warnings thereof; take corrective measures despite having had received warnings from motorists and other persons of the dangerous conditions that existed on I-390 as a result of the blowing and/or drifting snow; and alleviate the dangerous conditions despite the fact that defendant knew or should have known of the recurring dangerous conditions of "white-outs" and snow blowing on I-390. Defendant moved for summary judgment dismissing the claim, and claimants cross-moved for partial summary judgment on the issue of liability. The Court of Claims granted defendant's motion and dismissed the claim in its entirety on the grounds that defendant did not have notice of a recurring dangerous condition in the area of the accident and that the lack of a snow fence was not a proximate cause of the accident. Claimants appeal.
It is well established that state and local governments "have a duty to maintain their roads in a reasonably safe condition for motorists and must guard against contemplated and foreseeable risks" (Drake v County of Herkimer, 15 AD3d 834, 834 [4th Dept 2005]; see Friedman v State of New York, 67 NY2d 271, 283 [1986]). Of particular relevance here, a defendant "may be held liable in negligence where it failed to diligently remedy [a] dangerous condition[] once it was provided with actual or constructive notice or [where] it did not correct or warn of a recurrent dangerous condition of which it had notice" (Frechette v State of New York, 129 AD3d 1409, 1411 [3d Dept 2015] [internal quotation marks omitted]). Thus, "[a] defendant who has actual knowledge of a recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition" (Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1402 [4th Dept 2018]).
Even assuming, arguendo, that defendant met its initial burden on the motion by establishing that it did not have actual or constructive notice of a recurring dangerous condition, we conclude that the claimants raised a triable issue of fact with respect to whether defendant had actual knowledge of "an ongoing and recurring dangerous condition in the area of the accident" (Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 960 [3d Dept 2011]). Notably, claimants submitted a Highway Safety Investigation Report that was prepared by an employee of defendant in December 2008. The report states that it was written in response to the subject accident with the purpose of "evaluat[ing] the frequency and potential for similar accidents and evaluate potential countermeasures." The report compared the number and severity of the accidents on that portion of highway to those occurring elsewhere on I-390, and noted that, "[a]lthough the number of accidents in the study area was lower, the severity of the accidents was [greater]." The report also noted that "[s]everal factors exist which increase the degree of risk of poor visibility and drifting due to blowing snow in this section." Such factors included the large, flat airport property next to the highway, the "abrupt, topographic change due to the proximity of the airport runway and former Pennsylvania railroad embankment," and the section's slight reverse curve. The data thus suggested that "snow on the road [was] an issue to be addressed in this area" and that, although the number of accidents was not extraordinarily high, "their occurrence was sufficiently sensational, disquieting to the public, and disruptive to the traveling public and [defendant] to justify making more than ordinary efforts to prevent them." Furthermore, the deposition testimony of employees of defendant established that, for years prior to the accident, blowing and drifting snow had been an issue on that section of I-390.
We also agree with claimants that the court erred in determining that defendant established that the lack of a snow fence was not a proximate cause of the accident. In reaching that conclusion, the court relied on the affidavit of defendant's meteorological expert, who opined that, under the meteorological conditions on the day of the accident, a snow fence would not have prevented the white-out conditions on I-390 that caused the accident. "Typically, the question of whether a particular act of negligence is a substantial cause of the plaintiff's injuries is one to be made by the factfinder, as such a determination turns upon questions of foreseeability and what is foreseeable and what is normal may be the subject of varying inferences" (Hain v Jamison, 28 NY3d 524, 529 [2016] [internal quotation marks omitted]). Here, defendant's meteorological expert was not qualified to render an opinion regarding whether a snow fence would have prevented the white-out conditions on I-390 inasmuch as he provided no information "to establish any specialized knowledge, experience, training, or education with respect to the relevant subject matter" in this case, i.e., the adequacy of snow fencing to prevent snow blowing and drifting onto a highway (Farnham v MIC Wholesale Ltd., 176 AD3d 1605, 1607 [4th Dept 2019] [internal quotation marks omitted]; see Shattuck v Anain, 174 AD3d 1339, 1340 [4th Dept 2019]; Glazer v Choong-Hee Lee, 51 AD3d 970, 971 [2d Dept 2008], lv dismissed in part and denied in part 11 NY3d 781 [2008]; Geddes v Crown Equip. Corp., 273 AD2d 904, 905 [4th Dept 2000]). We therefore conclude that defendant failed to meet its initial burden on the issue of proximate cause.
Finally, we note that the court denied as moot claimants' cross motion for summary judgment on the issue of liability and the respective motion and the cross motions of claimant Hoa Ngo, claimant Kasey Gharet, and claimant William Hill, Jr. for summary judgment dismissing defendant's counterclaims against them. In view of our decision herein, those pending motions are no longer moot. Thus, we reverse the order insofar as appealed from, defendant's motion for summary judgment dismissing claim No. 116726 is denied and that claim is reinstated, and we remit the matter to the Court of Claims to determine the motion and cross motions that were denied as moot (see generally Conklin v Laxen, 180 AD3d 1358, 1362 [4th Dept 2020]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court