Blanke v State of New York (2023 NY Slip Op 03625)

Blanke v State of New York

2023 NY Slip Op 03625

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

459 CA 22-01640

[*1]RICHARD BLANKE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF KAREN J. BLANKE, DECEASED, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 129285.) 

BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Court of Claims (Debra A. Martin, J.), entered March 18, 2022. The order granted the motion of defendant for summary judgment and dismissed the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant, the husband of Karen J. Blanke (decedent), commenced this action, individually and as administrator of decedent's estate, seeking damages for her wrongful death resulting from a rear-end motor vehicle accident at the intersection of Route 63 and Chandler Road. The Court of Claims granted the motion of defendant, State of New York (State), for summary judgment dismissing the claim, and claimant appeals. We affirm.
Although a municipality owes an absolute duty to keep its highways in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271, 283 [1986]; Weiss v Fote, 7 NY2d 579, 584 [1960], rearg denied 8 NY2d 934 [1960]), it is afforded qualified immunity from liability arising out of highway planning decisions (see Friedman, 67 NY2d at 283; Weiss, 7 NY2d at 584-586, 588). Thus, "liability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either was evolved without adequate study or lacked reasonable basis" (Weiss, 7 NY2d at 589; see Friedman, 67 NY2d at 284; Kosoff-Boda v County of Wayne, 45 AD3d 1337, 1338 [4th Dept 2007]). Here, the State met its initial burden of establishing that the traffic plan it adopted was reasonable and based on adequate study, and plaintiff failed to raise an issue of fact with respect thereto (see Riddell v City of New York, 209 AD3d 891, 892 [2d Dept 2022]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The State presented evidence establishing that it repeatedly studied the accident rate and visibility issues at the subject intersection and made changes as necessary. In response, claimant submitted an expert affidavit that was speculative and unsupported by the record, and thus failed to raise a triable issue of fact (see Ginsberg v BJ's Wholesale Club, Inc., 187 AD3d 1547, 1548 [4th Dept 2020]; Cannarozzo v County of Livingston, 13 AD3d 1180, 1181 [4th Dept 2004]). Claimant's additional submissions likewise failed to raise a triable issue of fact as to the State's adequate study of or reasonable basis for the highway plan (see Kosoff-Boda, 45 AD3d at 1338; Harford v City of New York, 194 AD2d 519, 520 [2d Dept 1993]).
In light of our determination, claimant's remaining contentions are academic.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court